656 A.2d 539

**COMMONWEALTH of Pennsylvania**

v.

**Demar DANIELS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 13, 1995.

Decided March 28, 1995.

616

618

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before McEWEN, POPOVICH and CERCONE, JJ.

CERCONE, Judge.

This is a direct appeal from a judgment of sentence entered after appellant pled guilty on drug related charges. We vacate the judgment of sentence and remand for further proceedings.

The trial court has aptly explained the events underlying this appeal in the following manner:

On July 19, 1993 City of Pittsburgh Narcotics Detectives were conducting an investigation in the Garfield Section of the city of Pittsburgh. The officers received information from an informant that some individuals were holding small amounts of crack cocaine on their persons. After making sells they would go inside 5304 Cornwall Street to retrieve more crack cocaine to sell. Based on the information received the officers set up a surveillance. They observed the Defendant's brother, Kendall Daniels, exit 5304 Cornwall Street and engage in conversation with an unknown black male. The Defendant's brother then retrieved an

object from his right pants' pocket, displayed it to the black male, and they then engaged in exchange for currency.

The officers made an investigatory stop of Defendant's brother and found crack cocaine on his person after a pat down search. The Defendant's mother came out of the [residence] at 5304 Cornwall Street and inquired what the problem was. The officers indicated to the Defendant's mother that her son Kendall had crack cocaine on him and asked her if they could have consent to search her residence, which she agreed to.

Once inside the residence they met the Defendant, Demar Daniels, in an upstairs room. The officers informed the Defendant of his [*Miranda*] warnings and told him of their purposes for being inside the premises. the officers asked the Defendant if there were any drugs inside the house to which he responded "yes, in the bedroom in my pants' pocket." The officers, along with the Defendant's mother, retrieved in a pair of shorts which contained nineteen (19) pieces of suspected crack cocaine which were individually wrapped. The Defendant was placed under arrest, again read his [*Miranda*] warnings after which he admitted in a written statement the possession of the crack cocaine and stated to the officers that "I have only been selling for a week." The items seized were submitted to the Allegheny County Crime Lab, tested and determined to be positive for 3.46 grams of cocaine base.

Trial Court Opinion filed November 28, 1994 at 2–3.

Appellant was subsequently charged by information with two counts of violating the Controlled Substance, Drug, Device and Cosmetic Act [1]: (Count One) possession of a controlled substance [2] and (Count Two) possession with intent to deliver.[3] Pursuant to a plea bargain agreement, the lower court accepted appellant's guilty plea at a colloquy conducted on September 1, 1994. At the colloquy, the assistant district attorney

1. 35 P.S. § 780–101 *et seq.*
2. *Id.* § 780–113(a)(16).
3. *Id.* § 780–113(a)(30).

indicated that the Commonwealth had agreed to recommend the minimum mandatory sentence in exchange for appellant's guilty plea. Appellant waived a pre-sentence report, and the lower court sentenced him to serve, on count two, a term of incarceration of one (1) to two (2) years, plus a fine of five thousand dollars ($5,000), with five (5) years of probation to run consecutively to the period of imprisonment.

Appellant has perfected the instant appeal which presents two issues for our consideration:

I. Did the lower court err in imposing the mandatory fine of $5,000.00 pursuant to 18 Pa.C.S. § 7508 insofar as the Commonwealth did not give notice that it intended to seek the mandatory fine, nor did the Commonwealth in fact request the imposition of the mandatory fine; and was counsel ineffective for not challenging the imposition of the mandatory fine on these specific grounds?

II. Was the lower court's imposition of the mandatory fine illegal insofar as it did not comply with the terms of the plea agreement?

Because of our resolution of the second issue, we need not address the first claim.

■ Appellant's contention that the sentence imposed was illegal because it did not comply with the terms of the negoti-ated plea agreement was never raised before the trial court in that precise formulation. However, a challenge to the validity of the sentence imposed pursuant to a plea bargain goes to the legality of the sentence and as such is a non-waivable matter. *Commonwealth v. Anderson*, 434 Pa.Super. 309, 313, 643 A.2d 109, 111 (1994). We note, moreover, that defense counsel immediately objected to the imposition of the fine, but that her argument was cut short by the trial judge who merely noted the exception for purposes of appeal. N.T. 9/1/94 at 13.[4]

4. Appellant did not file a post-sentencing motion attacking the validity of the guilty plea or requesting to withdraw the plea. However, for cases in which the determination of guilt has occurred on or after January 1, 1994, a motion challenging the validity of the guilty plea is now optional. Pa.R.Crim.P., Rule 1410 B(1)(a)(i), 42 Pa.C.S.A.

Appellant pled guilty to possessing 3.46 grams of cocaine with intent to deliver pursuant to section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act. Because the Commonwealth chose to invoke the mandatory sentencing provisions set forth at 18 Pa.C.S.A. § 7508, the the trial court applied the following statute:

**Drug trafficking sentencing and penalties**

**(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

. . . .

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine *shall*, upon conviction, be sentenced to a *mandatory minimum term of imprisonment and a fine* as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; *one year in prison and a fine of $5,000* or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense; three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; . . . .

18 Pa.C.S.A. § 7508(a)(3)(i) (emphasis added). Section 7508 requires the Commonwealth to give "reasonable notice," after conviction and before sentencing, of its intention to proceed under the statute. *Id.* § 7508(b). Additionally, the statute specifically states:

**Mandatory sentencing.**—*There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein* or to place the offender on probation, parole, work release or prerelease or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided herein. Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act[, 35 P.S. §§ 780–117, 780–118] shall not be available to a defendant to which this section applies.

*Id.* § 7508(c) (emphasis added; footnote omitted).

 The Commonwealth has the sole discretion to invoke the mandatory minimum sentencing provisions for drug trafficking offenses. *Commonwealth v. Biddle*, 411 Pa.Super. 210, 219, 601 A.2d 313, 318 (1991). By its own terms, the statute does not oblige the Commonwealth to provide a defendant with any particular form of notice. It only requires that notice which is "reasonable" under the circumstances of a specific case shall be afforded "after conviction and before sentencing." 18 Pa.C.S.A. § 7508(b). Where a defendant enters a guilty plea, waives the pre-sentence report, and agrees to immediate sentencing, the Commonwealth's opportunity to provide "reasonable notice" after conviction and before sentencing is necessarily abbreviated. Here, the assistant district attorney stated at the beginning of the colloquy: "In return for the defendant's plea of guilty we are seeking just the mandatory minimum of one to two years." N.T. 9/1/94 at 2. We agree with the trial court's conclusion that, in the context of this case, the A.D.A.'s statements during plea negotiations afforded appellant with "reasonable notice" of the Commonwealth's intention to invoke the mandatory minimum sentencing statute. Trial Court Opinion filed November 28, 1994 at 4.

■ We also agree with the trial court's finding that nothing in the A.D.A.'s announcement of intention to proceed under section 7508 indicated that he was only invoking part of that statute or that he even considered its provisions to be severable. Furthermore, the statute itself clearly states that once invoked, the defendant *shall* be sentenced to a minimum prison term *and* a fine. 18 Pa.C.S.A. § 7508(a)(3). However, the basis for appellant's claim of error is not that section 7508 can be interpreted in a disjunctive manner. Appellant contends that the mandatory sentence imposed was illegal as applied in this case because it did not comply with the specific terms of the negotiated plea agreement explained on the record at the colloquy. We are constrained to agree.

■ As a general proposition, sentencing is a matter vested in the sound discretion of the trial court and will remain undisturbed on appeal, absent an abuse of that discretion. *Commonwealth v. Jones,* 418 Pa.Super. 93, 613 A.2d 587 (1992) (*en banc*), *appeal denied,* 535 Pa. 615, 629 A.2d 1377 (1993).

> Upon acceptance of a plea agreement, however, the trial court is bound to comply with the terms of that agreement. *Commonwealth v. Kioske,* 337 Pa.Super. 593, 487 A.2d 420 (1985). A sentence recommendation is among the "terms" of a plea bargain. *Commonwealth v. Coles,* 365 Pa.Super. [562, 565–66, 530 A.2d 453, 455 (1987), *appeal denied,* 522 Pa. 572, 559 A.2d 34 (1989)] (citing *Commonwealth v. Sutherland,* 234 Pa.Super. 520, 340 A.2d 582 (1975)). Therefore, a negotiated sentence is binding on the court where the sentence is plainly set forth on the record, understood and agreed to by the parties and approved by the trial court. *Commonwealth v. McClendon,* 403 Pa.Super. 467, 589 A.2d 706 (1991) (*en banc*), *appeal denied,* 528 Pa. 622, 597 A.2d 1151 (1991).

*Commonwealth v. Anderson,* 434 Pa.Super. at 316, 643 A.2d at 113.

■ In the instant case, the record is clear that the Commonwealth intended to invoke the mandatory minimum sen-

tencing provisions of § 7508. In response to the lower court's query as to whether there was any agreement, the Assistant District Attorney stated:

[By the A.D.A.]: Yes, Your Honor. In return for the defendant's plea of guilty, we are seeking just the mandatory minimum of one to two years.

N.T. 9/1/94 at 2. The lower court then inquired whether the Commonwealth also sought a term of probation. The A.D.A. replied in the affirmative and also stated that the length of probation was for the court to set. *Id.* The following exchange then occurred:

The Court: All right. You understand that Mr. Daniels?

The Defendant: Yes.

*Id.* The record thus clearly demonstrates that appellant was explicitly apprised of the fact that the plea bargain's terms included incarceration for a specific period to be followed by a span of probation, the length of which was at the discretion of the court. However, the assistant district attorney did not state on the record that the plea bargain also involved a five thousand dollar fine. Nor is there any testimony of record which indicates that appellant was informed outside the colloquy that the mandatory minimum sentencing provisions of section 7508 required both imprisonment and a fine. Therefore, the record contains no basis on which we can conclude that appellant's plea was "plainly set forth on the record, understood and agreed to by the parties and approved by the trial court" as required by *Commonwealth v. Anderson, supra,* 434 Pa.Super. 309, 643 A.2d 109.

■ Indeed, the fact that defense counsel did not expect the lower court to impose any fine at all is demonstrated by her immediate objection to this aspect of the sentence. N.T. 9/1/94 at 13. The trial judge responded at this juncture that the fine was not discretionary, and that the sentencing court has no authority to ignore any portion of section 7508 once the statute comes into play. *Id.* We agree with the trial court's interpretation of section 7508. *See Commonwealth v. Logan,* 404 Pa.Super. 100, 590 A.2d 300 (1991), *appeal denied,* 528 Pa.

622, 597 A.2d 1151 (1991) (sentencing court must strictly comply with provisions of 18 Pa.C.S.A. § 7508(a)(3) when that statute is invoked by the Commonwealth). However, it is clear from the record that appellant was never apprised, either during the colloquy or at any other time, that he would be subject to both imprisonment and a fine.

Pennsylvania Rule of Criminal Procedure 319 governs guilty pleas and requires the court to conduct an on-the-record inquiry to determine whether a guilty plea is voluntarily and understandingly entered. To this end, the court *must* ask questions in six particular areas, including whether the defendant is aware of the permissible range of sentences and/or fines for the offenses charged. Pa.R.Crim.P., Rule 319(b)(2), 42 Pa.C.S.A., Comment ¶ 2(5) (citing *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977) and *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976)). A decision to plead guilty cannot be accepted as being knowingly and intelligently entered without an assurance that the accused fully comprehends the maximum punishment that might be imposed for his conduct. *Commonwealth v. Persinger*, 532 Pa. 317, 323, 615 A.2d 1305, 1307 (1992). Under the circumstances of this case, we must conclude that it was error for the lower court to accept appellant's guilty plea as the accused was not fully informed on the record regarding the maximum sentence that would be imposed under the mandatory minimum sentencing statute invoked by the Commonwealth. *Id.* *See also Commonwealth v. Flood*, 426 Pa.Super. 555, 627 A.2d 1193 (1993), *appeal denied*, 537 Pa. 617, 641 A.2d 583 (1994) (manifest injustice necessary to withdraw guilty plea after sentencing may be premised upon accused's demonstration that the plea was invalid, *i.e.*, involuntary or unknowing).

Furthermore, the record fully supports the conclusion that appellant did not receive the expected benefit of the sentence for which he bargained. This is evidenced by two facts: the assistant district attorney did not explicitly state that the Commonwealth sought any fine, and defense counsel was clearly surprised when the trial court imposed the fine.

*See* N.T. 2/1/94 at 2, 13. Upon acceptance of a plea agreement, the trial court is bound to comply with the terms of that agreement. *Commonwealth v. Anderson, supra,* 434 Pa.Super. 309, 643 A.2d 109. Under the facts of record in this case, the trial court was not justified in accepting appellant's guilty plea.

The judgment of sentence is vacated and the lower court's acceptance of appellant's guilty plea is reversed. The case is remanded for trial. Jurisdiction is relinquished.