J-S76013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID MORA | |
| Appellant | No. 377 EDA 2016 |

Appeal from the PCRA Order January 8, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-16-CR-0002776-2013

BEFORE:  STABILE, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 30, 2016**

Appellant, David Mora, appeals *pro se* from the January 8, 2016 order entered in the Court of Common Pleas of Chester County ("PCRA court") denying relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the factual and procedural history as follows.

> On November 1, 2013, [Appellant] entered an open guilty plea to 5 counts of possession with the intent to deliver cocaine (PWID); 1 count of possession with intent to deliver marijuana; 1 count of criminal use of a communication facility; 1 count of dealing in unlawful proceeds; and 1 count of conspiracy to deliver cocaine.  [Appellant] was sentenced on October 1, 2014. Although [Appellant] had previously entered into an open guilty plea, on the date of sentencing, [Appellant], through his

_____

[*] Former Justice specially assigned to the Superior Court.

attorney, agreed with the sentence recommended by the Commonwealth. This sentence was based upon [Appellant's] cooperation with the Commonwealth and [Appellant's] almost immediate admission that he was involved with drug trafficking.

[Appellant was sentenced to a total of 13-26 years' incarceration.]

. . .

[Appellant] received credit for time served from July 2, 2013 to October 1, 2014. The Commonwealth did not pursue any mandatory minimum sentences. The sentence included eligibility for the RRRI program after [Appellant] served 10 years and 10 months incarceration. [Appellant] was represented by Evan J. Kelly, Esquire, when he entered the open guilty plea and was represented by Phillip D. Press, Esquire, at sentencing.

[Appellant] filed a *pro se* motion pursuant to the [PCRA] on September 24, 2015. By [o]rder dated October 5, 2015, the [PCRA court] appointed Robert P. Brendza, Esquire, to represent [Appellant] with regard to his PCRA motion. On November 10, 2015, Mr. Brendza filed a [p]etition for [l]eave to [w]ithdraw as PCRA [c]ounsel, including a letter to [Appellant] pursuant to **Commonwealth v. Turner**, 544 A.2d 922 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

PCRA Court Order, 12/3/2015, at 1 n.1 (citations omitted).

The PCRA court issued a Pa.R.Crim.P. 907(1) notice on December 3, 2015. Appellant, *pro se*, filed objections to the 907(1) notice on January 4, 2016. The PCRA court dismissed Appellant's petition on January 8, 2016. Appellant filed the instant appeal on January 29, 2016. On February 2, 2016, the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant complied and filed a 1925(b) statement on February 18, 2016.

Appellant raises two issues on appeal, which we quote verbatim.

I.    Did the Honorable PCRA Court err by dismissing Appellant's PCRA Petition for failure to provide any basis for the relief requested, when Appellant was sentenced pursuant to 18 Pa.C.S.A. § 7508(a)(3)(iii), then held unconstitutional in **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014).

II.   Did the Honorable PCRA Court err by dismissing Appellant's PCRA Petition when the record is clear that Appellant was sentenced to more counts than all parties agreed to, when Appellant signed the Plea Agreement, contrary to the Negotiated Plea Agreement and breaching the contract made and signed into by all parties.

Appellant's Brief at 4.

Appellant's first argument is a challenge to his sentence based upon **Alleyne v. United States**, 133 S. Ct. 2151 (2013). In **Alleyne** the Supreme Court held that any fact other than a prior conviction requiring imposition of a mandatory minimum sentence must be found beyond a reasonable doubt by the trier of fact. **Id.** at 2155. Appellant cites to a number of cases detailing the application of **Alleyne** and the imposition of a mandatory minimum sentence; however, Appellant's argument is fatally flawed. Appellant was not sentenced to a mandatory minimum;[1] therefore, **Alleyne** is inapplicable to Appellant's case. Appellant's first claim fails.

Next, Appellant claims that he was not sentenced according to the plea agreement. Specifically, Appellant argues that his plea agreement was violated because the PCRA court sentenced Appellant on count 5 (3-6 years

_____

[1] The Commonwealth specifically did not seek any mandatory minimums in this case because of a possible **Alleyne** challenge. **See** N.T. Sentencing, 10/1/2014, at 5.

incarceration) consecutively to count 4 (3-6 years incarceration). Appellant's claim lacks merit. Generally, sentencing is vested in the sound discretion of the trial court. **Commonwealth v. Daniels**, 656 A.2d 539, 543 (Pa. Super. 1995). However,

> [u]pon acceptance of a plea agreement, [] the trial court is bound to comply with the terms of that agreement. A sentence recommendation is among the "terms" of a plea bargain. Therefore, a negotiated sentence is binding on the court where the sentence is plainly set forth on the record, understood and agreed to by the parties and approved by the trial court.

**Id.** (quoting **Commonwealth v. Anderson**, 643 A.2d 109, 113 (Pa. Super. 1994)) (internal citations omitted).

On November 21, 2013, Appellant entered an open plea to nine separate counts including counts 4 and 5. On October 1, 2014, Appellant and the Commonwealth agreed on a total sentence of 13-26 years incarceration. Reviewing the transcripts of sentencing, it is clear that Appellant was sentenced to the agreed upon sentence. **See** N.T. Sentencing, 10/1/2014, at 6, 10-12.[2] Therefore, Appellant's claim that his sentence violated his plea agreement fails.

_____

[2] Appellant was sentenced to 1-2 years on count 1, 3-6 years on count 2 (concurrent to count 1), 9 months to 2 years on count 3 (concurrent to count 2), 3-6 years on count 4 (concurrent to count 2), 3-6 years on count 5 (consecutive to count 4), 4-8 years on count 6 (consecutive to count 5), 9 months to 2 years on count 13 (concurrent to count 2), 1-2 years on count 19 (concurrent to count 2), and 3-6 years on count 25 (consecutive to count 6). These sentences reach an aggregate sentence of 13-26 years of incarceration.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2016