J-S61014-17

2017 PA Super 348

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

JOHN MICHAEL ROTOLA

Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 3678 EDA 2016

Appeal from the Judgment of Sentence September 20, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000282-2016

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

OPINION BY LAZARUS, J.:                          **FILED NOVEMBER 06, 2017**

John Michael Rotola appeals from the trial court's judgment of sentence, entered in the Court of Common Pleas of Monroe County, following his open guilty plea to theft of property lost, mislaid or delivered by mistake (M-1),[1] ordering him to serve 9-24 months', less one day, imprisonment, and pay restitution in the amount of $25,000, jointly and severally with his co-defendant.[2]  After careful review, we vacate and remand.

The trial court summarized the relevant facts underlying this case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3924.

[2] The trial court also granted Rotola 57 days' credit for time served.

On October 25, 2015, Pocono Mountain Regional Police Department received a call from Theresa Mahoney[], regarding a theft at her residence, located at 191 Flame Drive, Tunkhannock Township, Monroe County. Theresa had arrived home to find her front door damaged and her television and $15,000-$20,000 worth of jewelry missing. Mahoney advised officers that there had been multiple burglaries and thefts in the neighborhood since her neighbor Thomas Pollard [] moved in with his mother at 222 Flame Drive.

A database search on Leadsonline showed that a Thomas Pollard of 222 Flame Drive sold jewelry to P&J Coin and Gold Exchange in Broadheadsville, PA. Mahoney later identified several pieces of unique jewelry on display at the pawn shop as belonging to her and stolen from her residence. On November 11, 2015, a search warrant was served at Pollard's residence. After the search was concluded, Detective Kenneth Lenning [] and Detective Ryan Venneman [] interviewed Pollard. Officers also spoke with community members in the development who advised . . . [Detective] Lenning that the police should look into Pollard's brother, John Rotola, and Catherine McDonnell, both residents of the development.

A database search on Leadsonline showed that a Catherine McDonnell sold several pieces of jewelry to P&J Coin and Gold Exchange in Broadheadsville, PA. Mahoney was shown pictures of the various items sold to the pawn shop and identified all the pieces of jewelry as belonging to her and stolen from her residence. Mahoney also identified a heart-shaped pendant and ring on display at the pawn shop as belonging to her. A receipt on Leadsonline showed that Rebecca Heddy of Effort, PA had sold the jewelry to the pawn shop.

On November 11, 2015[,] Lenning received a call from [Defendant] advising him that he had some information for him regarding the recent burglaries in his neighborhood. Rotola advised Lenning and Venneman that he got himself wrapped up in the burglaries that were going on in the community. He stated that one night he was driving around the development with his brother, Pollard, when they ran into their friend Adam Lugo. Lugo asked Pollard if he would sell some jewelry for him. Pollard agreed and Rotola drove his brother to P&J Pawn shop where they sold the jewelry. The next day Rotola noticed some jewelry inside his truck. After asking around to see if any of his friends left it in the truck, he decided it had probably fallen out

of the bag of jewelry his brother had the day before. Rotola asked his friend Catherine McDonnell to go with him to the pawn shop and sell the jewelry for him because he did not have any identification. Rotola admitted that he drove McDonnell to the pawn shop on two separate occasions to sell the jewelry he found.

On November 13, 2015, Lenning and Venneman interviewed Rebecca Heddy at her residence. Heddy stated that she received a phone call from Rotola asking her to come to his residence because he had something to talk to her about. Heddy stated that Rotola told her that he needed money to feed his children and asked if she would sell some of his wife's jewelry. Heddy agreed to give Rotola $50 in exchange for the bag of jewelry which she later sold for over $200 to P&J Pawn Shop.

Trial Court Opinion, 1/17/17, at 1-3.

On June 27, 2016, Rotola pled guilty to one count of theft of property, lost, mislaid, or delivered by mistake. On September 19, 2016, Rotola was sentenced to 9-24 months', minus one day, incarceration in the Monroe County Correctional Facility and ordered to pay $25,934.44 in restitution to the victim and $120.27 to American Modern Insurance Group. On September 29, 2016, Rotola filed a motion to reconsider sentence requesting amendment of the restitution amount. On October 31, 2016, after a hearing, the court granted Rotola's motion and modified the restitution portion of Rotola's sentence to $25,000, jointly and severally with his co-defendant.[3]

---

[3] In modifying the restitution part of Rotola's sentence, the court noted that in the criminal information Rotola was charged with theft, where the stolen property was valued at more than $2,000. N.T. Reconsideration of Sentence Hearing, 10/31/16, at 3; Criminal Information, 7/7/16, at 1.

Rotola filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Rotola presents a single issue for our review: Whether the lower court abused its discretion at the time of sentencing by ordering that [Rotola] pay restitution in an amount that was [neither] commensurate with his degree of criminality nor supported by the record?

"Although an award of restitution lies within the discretion of the [trial] court, it should not be speculative or excessive and we must vacate a restitution [o]rder which is not supported by the record." ***Commonwealth v. Balisteri***, 478 A.2d 5, 9 (Pa. Super. 1984). Mandatory restitution, as part of a defendant's sentence, is authorized by 18 Pa.C.S. § 1106, which states, in relevant part:

§ 1106. Restitution for injuries to person or property

(a) GENERAL RULE.-- Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

(c) MANDATORY RESTITUTION.--

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.

* * *

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution . . . and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

* * *

(4)

(i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

(ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.

18 Pa.C.S. § 1106.

An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing; as such, it is a non-waivable matter. *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010); *Commonwealth v. Daniels*, 656 A.2d 539 (Pa. Super. 1994). The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary. *Id.*

- 5 -

Rotola claims that the amount of restitution ordered by the trial court is neither supported by the record nor a direct result of his conduct. Specifically, he asserts that there was no nexus to the offense for which he pled guilty and the amount ordered, where he was not responsible for the burglary that led to the victim's loss. Rather, he claims that he merely "sold a relatively small portion of the items stolen from the victim to a pawn shop." Appellant's Brief, at 9.

In **Commonwealth v. Reed**, 543 A.2d 587 (Pa. Super. 1988), our Court vacated a defendant's restitution sentence of $6,205.71 because "there was no evidence to show a causal connection between the total losses sustained [by the victim] and [the defendant's] role in receiving some of the property stolen." **Id.** at 589. In **Reed**, the bills of information listed the property stolen and the estimated value of each item. In total, the evidence showed that the loss caused by defendant's conduct did not exceed $480.00. Accordingly, the Court determined that the order of restitution was illegal because it was not supported by the record, and it vacated the defendant's sentence. **Id.** at 590.

Here, by selling the victim's jewelry to a pawn shop, Rotola caused the victim's property to be unlawfully obtained; thus, pursuant to section 1106, restitution is mandatory. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. 18 Pa.C.S. § 1106(a). While Rotola may feel that he is less culpable for the loss caused to the victim because he did not actually break

into the victim's home and steal her possessions, as the trial court noted, Rotola and Pollard acted together criminally to cause a single harm to the victim and, accordingly, properly ordered that Rotola make restitution jointly and severally with his co-defendant.

However, even where the injury to the victim may have directly resulted from a defendant's criminal acts, it is still necessary that "the amount of the 'full restitution' be determined under the adversarial system with considerations of due process." *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010). Here, Rotola entered into an open guilty plea, specifically indicating in his written colloquy that "there are no agreements for sentencing except for [the Commonwealth withdrawing remaining charges]." Written Guilty Plea Colloquy, 6/23/16, at ¶¶ 4, 8. Moreover, the written plea only informs Rotola about the maximum penalty and offense grading for his charged offense, theft (18 Pa.C.S § 3924) and the sentencing guideline ranges for the offense. *Id.* Nowhere in the entire plea agreement, however, is restitution mentioned. Furthermore, the docket does not reflect that an oral plea colloquy or a restitution hearing was ever held.

> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

*Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa. Super. 1995) (citations omitted).

In *Commonwealth v. Rush*, 909 A.2d 805 (Pa. Super. 2006), the defendant, who had also pled guilty to theft offenses, directly challenged his restitution sentence, ordered jointly and severally with co-defendants. In *Rush*, the defendant "was made fully aware, prior to entering the plea, that the court would impose a specific amount of restitution upon acceptance of the plea, and whereby the defendant agreed to accept restitution set in a co-defendant's case for the same crime." *Id.* at 808. Specifically, the trial judge notified the defendant, in open court, of his intention, upon acceptance of the plea, to impose the restitution jointly and severally with his co-defendant. *Id.* at 809. At the conclusion of the colloquy proceeding, the Commonwealth recited its recommended sentence, including the joint and several restitution sentence. *Id.* In concluding that the restitution sentence was legal, the court noted that the defendant "had a full understanding of the nature and consequences of his plea and . . . knowingly and voluntarily decided to enter the plea '*which encompassed an agreement to pay $28,450 in restitution*' [and where] the amount in restitution was already established and agreed-upon as stipulated in the written plea petition as well as on the record orally at the plea hearing." *Id.* (emphasis added).

In finding that the amount of restitution was supported by the record, the *Rush* Court noted that the trial judge had also presided over the

evidentiary hearing held in regard to the restitution owed by the co-defendant who was an accomplice to the crimes. In addition, our Court recognized that before the defendant entered his guilty plea, the trial judge had "clearly explained that the victim's testimony, as to the value of the stolen property, supported restitution in the amount at issue." *Id.*

Here, the court did not make Rotola fully aware, as part of his guilty plea, that it would impose mandatory restitution as part of his sentence. At the sentencing hearing, the court did not state the amount and method of restitution on the record, prior to entering its sentencing order, and the Commonwealth did not make a recommendation to the court, at or prior to the time of sentencing, as to the amount of restitution to be ordered or enter evidence to support the amount of the victim's losses. *See* 18 Pa.C.S. § 1106(c)(3)(i).

Under such circumstances where there is nothing in the record indicating that Rotola was apprised of the fact that mandatory restitution would be imposed as part of his direct, criminal sentence, and where there is no support for the amount ordered, we question the voluntary, knowing and intelligent nature of Rotola's plea.[4] *See Daniels*, *supra* (where ADA did not

_____

[4] Pursuant to Pa.R.Crim.P. 590, in order to ensure a voluntary, knowing and intelligent plea, our Supreme Court has required that the trial court ask the following questions at the time of the guilty plea: the nature of the charges to which defendant is pleading guilty; a factual basis for the plea; that the defendant is presumed innocent until proven guilty; *that the defendant is aware of permissible ranges of sentences and/or fines for offenses charged*;
*(Footnote Continued Next Page)*

state on record that plea bargain involved $5,000 fine and where there was nothing in record showing defendant was informed that mandatory minimum sentencing provision required both imprisonment and fine, judgment of sentence vacated because court was not justified in accepting defendant's guilty plea). We remind the trial court that while full restitution under section 1106(c) is mandatory, it is still necessary that defendants agree to restitution, as part of the plea bargaining process, openly on the record. *Commonwealth v. Anderson*, 995 A.2d 184 (Pa. super. 2010) (plea agreement remains contractual in nature; promises constituting plea bargain must be based upon totality of surrounding circumstances); *Kroh*, *supra*.

We recognize that this is not a case where the trial court failed to specify the exact amount of restitution, delegated the duties to set restitution to an agency, or left the amount of restitution open to further review and adjustment. *See Commonwealth v. Gentry*, 101 A.3d 813 (Pa. Super. 2014); *Commonwealth v. Mariani*, 869 A.2d 484 (Pa. Super. 2005); *Commonwealth v. Deshong*, 850 A.2d 712 (Pa. Super. 2004). Under such cases, a reviewing court would simply vacate the restitution portion of a defendant's sentence and remand for resentencing. Here, the

*(Footnote Continued)* ———————

aware that judge is not bound by terms of plea agreement tendered unless judge accepts agreement. Because section 1106(a) restitution is mandatory, the trial court should have made Rotola aware of this prescribed punishment in his plea agreement.

very integrity of Rotola's plea is undermined where he was never informed that restitution was mandated upon his theft conviction. Accordingly, we vacate Rotola's judgment of sentence and remand for trial. **Rush**, **supra**.[5]

Judgment of sentence vacated; case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judge Ransom joins the Opinion.

Judge Platt files a Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2017

---

[5] We note that Rotola's ability to pay is irrelevant to his restitution sentence where the court does not need to consider a defendant's ability to pay at the time it imposes restitution. **Rush**, **supra**. Rather, the defendant's ability is only considered upon default. **Commonwealth v. Colon**, 708 A.2d 1279 (Pa. Super. 1998).