J-S84011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SEAN MICHAEL EYRICH | : | |
| Appellant | : | No. 1061 MDA 2017 |

Appeal from the PCRA Order June 13, 2017
In the Court of Common Pleas of Berks County Criminal Division at No(s):
CP-06-CR-0003586-2015

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 01, 2018**

Sean Michael Eyrich ("Appellant") appeals *pro se* from the order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  After careful review, we reverse and remand.

This case stems from Appellant driving intoxicated on June 7, 2015, and causing an accident involving Bryan Koch and R. Lynn Koch, the driver and passenger of a motorcycle, respectively.  Bryan Koch was seriously injured and R. Lynn Koch, his wife, was killed.  Appellant entered an open guilty plea on December 17, 2015, to one count each of Homicide by Vehicle While Driving Under the Influence ("DUI"), Aggravated Assault by Vehicle-

DUI, and DUI-Highest Rate of Alcohol.[1]  The trial court sentenced Appellant to incarceration for an aggregate term of fifty-four months to twenty years. Additionally, the sentencing order imposed "restitution in the sum of $1.00." Sentencing Order, 12/17/15.  Shortly after sentencing, judgment was entered against Appellant "for the full amount of restitution" in the sum of $1,851.05.  Entry of Judgment Notice, 12/22/15.  Thereafter, the Commonwealth filed a motion to amend restitution, seeking $384,328.77, which included $19,487.53 to Bryan Koch and $364,841.24 to Socrates, Inc. "for Mr. Koch's medical treatment.  Socrates, Inc. provides outsourcing subrogation services to Capitol BlueCross."  Motion to Amend Restitution, 1/29/16, at ¶¶ 6–8.  Without conducting a restitution hearing, the trial court granted the Commonwealth's motion and amended restitution to $364,841.24.  Order, 3/21/16.  Appellant did not file post-sentence motions or a direct appeal.

The PCRA court updated the procedural history of this case, as follows:

On November 30, 2016, Appellant filed a timely pro se Motion for Post Conviction Collateral Relief.  Following a hearing to determine whether Appellant wished to proceed *pro se* with his PCRA petition, on January 6, 2017, this [c]ourt granted Appellant's motion to proceed *pro se* and allowed Appellant 60 days to file an amended PCRA petition.  On March 21, 2017, Appellant filed an amended petition.  On June 13, 2017, this [c]ourt dismissed Appellant's amended petition.  July 3, 2017, Appellant filed a Notice of Appeal to the Superior Court from this [c]ourt's June 13 dismissal.  This [c]ourt ordered Appellant to file

---

[1]  75 Pa.C.S. §§ 3735(a), 3735.1(a), and 3802(c), respectively.

a timely Concise Statement of Errors Complained of on Appeal, which Appellant did on July 25, 2017.

PCRA Court Opinion, 8/8/17, at 1.

On appeal, Appellant presents the following questions for our review:

A. The Appellant's plea was not made knowingly, intelligently and voluntarily, and he has been exposed to a manifest injustice due to ineffectiveness of trial/plea counsel, and an abuse of discretion/error of law, on the part of the trial plea court.

B. Trial counsel was ineffective for failing to inform the Appellant of the pending decision in <u>Birchfield v. North Dakota</u>, 14-1468, U.S. Supreme Court, or the fact that Birchfield is not new law but reiteration of the 4th Amendment right to be secure in ones [sic] person and free from forced or threatened physical intrusion, such as blood draws for DUI testing.

C. The trial/plea court abused its discretion and/or erred as a matter of law in sentencing the Appellant to both excessive and unreasonable sentences in failing to consider both the guidelines and mitigating factors.

D. The Appellant raises a challenge to the legality of his sentence due to an order from the clerk of court for $364,841.24 in restitution, which was drafted after a hearing was held without notification to, knowledge of, and not being able to appear at the hearing either personally or by counsel, in violation of Appellant's Sixth Amendment rights, ordering said restitution to be paid to an "unknown recipient."

Appellant's Brief at 3 (full capitalization omitted; reordered for ease of disposition).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super.

2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Appellant's first two issues challenge the effective assistance of his plea counsel. According to Appellant, counsel failed to: (1) investigate the case; (2) obtain an expert toxicology witness; (3) obtain the victim's medical records; (4) move for a change of venue and/or venire; (5) advise him accurately regarding the imminent retirement of the trial judge; and (6) advise him that a decision in ***Birchfield v. North Dakota*** was pending. Appellant's Brief at 5–11, 21–25.

It is presumed that counsel was effective, unless the petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). Furthermore, claims of ineffective assistance of counsel ("IAC") are not self-proving. ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002). Thus, in order to succeed on an IAC claim, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of

counsel caused the appellant prejudice. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001).

Trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting ***Commonwealth v. Miller***, 431 A.2d 233 (Pa. 1981)). In addition, we are mindful that prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Pierce***, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (citing ***Commonwealth v. Sneed***, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an IAC claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Baker***, 880 A.2d 654, 656 (Pa. Super. 2005).

In disposing of Appellant's myriad IAC claims, the PCRA court opined as follows:

> Here, [Appellant] fails to meet his burden of proof. [Appellant] first claims that "his counsel, Curtis E. Barnes,

- 5 -

Esquire, had just [received] discovery in the matter, the day before [Appellant's] plea was tendered". However, [Appellant] fails to identify specific acts demonstrating how his counsel failed to effectuate his interests; instead, [Appellant] merely claims that "it is blatantly obvious that counsel had nowhere near sufficient time to investigate the matter". There is no showing as to how the course of conduct pursued by his counsel did not effectuate [Appellant's] interests in any reasonable way, and consequently [Appellant] cannot show how he was prejudiced by his counsel's alleged ineffectiveness. Without this demonstration, [Appellant's] claim must fail.

[Appellant] also alleges that his counsel was ineffective for failing to call an expert witness who "may have shown that [Appellant] not only may not have been DUI …, but also may not have been the cause of the accident". However, [Appellant's] claim fails for several reasons. First, a defendant is bound by the statements[,] which he makes during his plea colloquy, and cannot assert grounds for withdrawing the plea that contradict statements he made when he pled guilty. Commonwealth v. Lewis, 708 A.2d 497, 502 (Pa. Super. 1998). At the guilty plea hearing, [Appellant] admitted that he had been driving with a blood alcohol content of .329%. (N.T. 12/17/15 at p. 7). Moreover, [Appellant] fails to understand the effectiveness standard with this claim. [Appellant] asserts that "it is very possible that the test results were in some way faulty or erroneous", and that an expert "could have proved [Appellant] was telling the truth", but the PCRA does not allow mere hypotheticals to advance a claim of ineffectiveness of a petitioner's counsel. . . . [Appellant] has the burden to show not merely that a different outcome was possible, but that there is a reasonable probability the outcome would have changed. [Appellant's] invention of fantastic hypotheticals not only contradict[s] his statements under oath, but simply do[es] not meet the standard necessary to make a showing of his counsel's ineffectiveness.

[Appellant] also attempts to claim that his counsel was ineffective for not filing motions for a change of venue or venire. This claim, however, must be contrasted with [Appellant's] statements during his guilty plea hearing, in which [Appellant] was instructed by the [trial c]ourt that he had an absolute right to a jury trial and that, by pleading guilty, he waived that and other rights. (N.T. 12/17/15 at p. 4). [Appellant] was not

prejudiced by participating in a trial in a jurisdiction he perceived to be hostile because [Appellant] waived any right to have a jury trial at all. [Appellant's] wish to proceed with his motions is undermined by his statement during his guilty plea hearing, and as [Appellant] is bound by the statements made during this hearing, this claim [of] ineffectiveness is without merit.

Additionally, [Appellant] asserts that his counsel was ineffective for advising him to plead guilty because, if [Appellant] went to trial, he would have received the maximum sentence "with newly elected judges". Likewise, [Appellant] claims that the Honorable Judge Boccabella did not retire, and that he, [Appellant], received "what amounted to a maximum sentence" because of his counsel's statements. [Appellant], however, bases his claim on a misstatement of facts. Not only did the Honorable Judge Boccabella in fact retire, but [Appellant's] sentence, far from "amounting to a maximum", fell well within the statutory range. Both [Appellant's] offense under 75 Pa.C.S.A. § 3735(a) and [Appellant's] offense under 75 Pa.C.S.A. § 3735.11 were felonies of the second degree, each of which carries a statutory maximum of incarceration for no more than 10 years; however, [Appellant] was ultimately sentence[d] to a term of 54 months to 20 years of incarceration, within the statutory maximum. As [Appellant's] claim rests upon such a false basis, and [Appellant] has not demonstrated in any other way how he was prejudiced by his counsel's actions, his claim must fail.

Finally, to the extent that [Appellant] alleges that his counsel was ineffective for failing to request a continuance until after the Supreme Court's decision in Birchfield v. North Dakota, 136 S.Ct. 2160 (2016), [Appellant's] claim is wholly without merit. "The law is clear that counsel cannot be held ineffective for failing to anticipate a change in the law." Commonwealth v. Cox, 983 A.2d 666, 702 (Pa. 2009), citing Commonwealth v. Duffey, 889 A.2d 56, 71 (Pa. 2005). The Birchfield decision was not decided until over six months after [Appellant] was sentenced, and [Appellant] cannot now claim that his counsel was ineffective for failing to request a continuance on a matter where the Supreme Court's ultimate decision, and potential effect on Pennsylvania law, was still unknown.

PCRA Court Opinion, 8/8/17, at 7–9.

Upon review of the evidence in the light most favorable to the Commonwealth and granting deference to the PCRA court, we find that the record supports the conclusions of the PCRA court and its ruling is free of legal error. *Rykard*, 55 A.3d at 1183. Moreover, we adopt as our own the well-reasoned analysis of the PCRA court with some additional comments.

We note the PCRA court did not address Appellant's allegation that counsel was ineffective in failing to obtain the medical records of Bryan Koch. Appellant's Brief at 6. According to Appellant, Bryan Koch:

> had lost his left eye in a baseball related injury, which occurred while he played baseball professionally in Chicago, IL. An injury of this nature would have affected the victim's depth perception, peripheral vision, and/or sense of balance. Given this information, and the lack of medical records at the time, there is no way that trial/plea counsel could have made an intelligent and educated decision to recommend that the Appellant accept a plea bargain with a complete lack of information and/or investigation into the facts.

Appellant's Brief at 6. As the Commonwealth points out:

> [h]owever, at the guilty plea and sentencing hearing, [Appellant] not only admitted to being impaired with a blood alcohol level of .329%, but also admitted that he did cross the lane of traffic and strike the motorcycle operated by Bryan Koch and R. Lynn Koch. (G.P. Hrg. at p. 7).

Commonwealth's Brief at 12–13. Thus, Appellant has failed to prove there is a reasonable probability that, but for counsel's failure to obtain Bryan Koch's medical records, the outcome of the proceeding would have been different. *Pierce*, 786 A.2d at 213.

In the third question presented, Appellant complains that the trial court sentenced him to excessive and unreasonable sentences and failed to consider the guidelines and mitigating factors. Appellant's Brief at 12. Such claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa. Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) (stating allegation that court ignored mitigating factors challenges discretionary aspects of sentencing). Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings. 42 Pa.C.S. § 9543(a)(2); *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2006). Accordingly, this claim does not afford Appellant relief.

Finally, Appellant complains that the trial court imposed an illegal sentence by ordering restitution because it is not supported by the record. Appellant's Brief at 15. Significantly, Appellant also argues that he could not have made a "knowing, voluntary, and intelligent decision concerning the plea deal without having any idea that $364,841.24 was a ramification of accepting a plea." *Id.* at 19.

> Although an award of restitution lies within the discretion of the [trial] court, it should not be speculative or excessive[,] and we must vacate a restitution order which is not supported by the record. Mandatory restitution, as part of a defendant's sentence, is authorized by 18 Pa.C.S. § 1106, which states, in relevant part:

§ 1106. Restitution for injuries to person or property

**(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

**(c) Mandatory restitution.—**

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.

\* \* \*

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution ... and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

\* \* \*

(4) (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

> (ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.

18 Pa.C.S. § 1106.

> An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing; as such, it is a non-waivable matter. The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary.

***Commonwealth v. Rotola***, 173 A.3d 831, 834 (Pa. Super. 2017) (internal quotation marks, brackets, and citations omitted).

The Commonwealth counters that Appellant's sentence is legal because "the record establishes a clear nexus between [Appellant's] impaired driving and the death and serious injuries resulting therefrom." Commonwealth's Brief at 16. Similarly, the PCRA court opined as follows:

> Petitioner claims that the restitution imposed upon him at sentencing is illegal because "it was certainly never determined by the sentencing court whether [Appellant] was wholly responsible for the accident". [Appellant's] claim is thus meritless, because it is belied by the record of the sentencing hearing, and [Appellant] is bound by the statements he made under oath at that time. [Appellant] admitted at that hearing that, at the time of the incident in question, he was driving with a blood alcohol level of .329%, crossed the lane of traffic, struck Bryan Koch and R. Lynn Koch, and caused the death of R. Lynn Koch and serious bodily injury to Bryan Koch. (N.T. 12/17/15 at p. 7). Once again, [Appellant] also stated to the court that he took "full responsibility for his actions" (N.T. 12/17/15 at p. 40). Instead of doubting whether he was "wholly responsible",

- 11 -

[Appellant] at the hearing seemed to admit sole responsibility for the incident which led to his charges.

PCRA Court Opinion, 8/8/17, at 11–12. Notably, neither the Commonwealth nor the PCRA court addressed Appellant's specific argument regarding the restitution imposed.

Upon review, we agree with the PCRA court that Appellant's own admissions provide the nexus between Appellant's conduct and the injuries sustained by the victims. N.T. 12/17/15, at 7–8, 40. Thus, pursuant to 18 Pa.C.S. § 1106, restitution was mandatory. **Accord Commonwealth v. Harriott**, 919 A.2d 234, 238 (Pa. Super. 2007) ("Due to the language 'directly resulting from the crime,' restitution is proper only if there is a direct causal connection between the crime and the loss."). "However, even where the injury to the victim may have directly resulted from a defendant's criminal acts, it is still necessary that the amount of the full restitution be determined under the adversarial system with considerations of due process." **Rotola**, 173 A.3d at 735 (quoting **Commonwealth v. Atanasio**, 997 A.2d 1181, 1183 (Pa. Super. 2010)) (internal quotation marks omitted). Thus, our Supreme Court has specifically required the trial court to ensure "*that the defendant is aware of permissible ranges of sentences and/or fines for offenses charged*[.]" **Id.** at 836 n.4 (citing Pa.R.Crim. 590; emphasis in original).

Here, Appellant entered into an open guilty plea. Written Guilty Plea Colloquy, 12/17/15. However, the written plea only informed Appellant

- 12 -

about the maximum penalty, offense grading, fines, and the sentencing guideline ranges for the offenses charged. *Id.* The written colloquy did not provide that mandatory restitution would be part of Appellant's sentence. Furthermore, although an oral plea colloquy was conducted, restitution was not mentioned until after the trial court had accepted the plea and just before sentencing, at which time the Commonwealth requested restitution of $1.00 and indicated its intention to file a motion to amend restitution. N.T., 12/17/15, at 3–8, 41–42.

Under such circumstances, our decision in *Rotola* is dispositive:

> [W]here there is nothing in the record indicating that [appellant] was apprised of the fact that mandatory restitution would be imposed as part of his direct, criminal sentence, and where there is no support for the amount ordered, we question the voluntary, knowing and intelligent nature of [his] plea. *See* [*Commonwealth v. Daniels*, 656 A.2d 539 (Pa. Super. 1995)] (where ADA did not state on record that plea bargain involved $5,000 fine and where there was nothing in record showing defendant was informed that mandatory minimum sentencing provision required both imprisonment and fine, judgment of sentence vacated because court was not justified in accepting defendant's guilty plea). We remind the trial court that while full restitution under section 1106(c) is mandatory, it is still necessary that defendants agree to restitution, as part of the plea bargaining process, openly on the record. *Commonwealth v. Anderson*, 995 A.2d 1184 (Pa. Super. 2010) (plea agreement remains contractual in nature; promises constituting plea bargain must be based upon totality of surrounding circumstances); [*Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa. Super. 1995)].

*Rotola*, 173 A.3d at 83–837.

We recognize that, in cases where the trial court failed to specify the exact amount of restitution, delegated the duties to set restitution to an

- 13 -

agency, or left the amount of restitution open to further review and adjustment, a reviewing court would simply vacate the restitution portion of a defendant's sentence and remand for resentencing. *See Commonwealth v. Gentry*, 101 A.3d 813 (Pa. Super. 2014); *Commonwealth v. Mariani*, 869 A.2d 484 (Pa. Super. 2005); *Commonwealth v. Deshong*, 850 A.2d 712 (Pa. Super. 2004).  Here, however, as in *Rotola*, "the very integrity of Appellant's plea is undermined where he was never informed that restitution was mandated upon his . . . conviction."  *Rotola*, 173 A.3d at 837.  Accordingly, we are constrained to reverse the PCRA order, vacate Appellant's judgment of sentence, and remand for trial.  *Rotola*, 173 A.3d at 837.

PCRA order reversed.  Judgment of sentence vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/18