J. A15033/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA
               v.                :
                                         :
WARNER E. BATTY,             :         No. 1000 MDA 2017
                                         :
           Appellant      :

Appeal from the Judgment of Sentence, June 6, 2017,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-MD-0001505-1975

BEFORE:  PANELLA, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED AUGUST 14, 2018**

Appellant, Warner E. Batty, appeals from the June 6, 2017 judgment of sentence entered by the Court of Common Pleas of York County relating to his conviction of first-degree murder. After careful review, we affirm.

The York City Police Department arrested appellant on February 6, 1975, in connection with the death of Betty Bradford on February 1, 1975. Appellant was 15 years old at the time of his arrest. The Commonwealth charged appellant with first, second, and third degree murder and voluntary manslaughter.[1] On November 25, 1975, appellant pled guilty to criminal homicide. A three-judge panel of the trial court held a degree of guilt hearing on April 14, 1976, and found appellant guilty of first and second-degree

_____

[1] 18 Pa.C.S.A. §§ 2502 (a)-(c), 2503(a), respectively.

murder on April 21, 1976. The trial court sentenced appellant to a mandatory minimum sentence of life imprisonment without possibility of parole. Our supreme court affirmed appellant's judgment of sentence on direct appeal. *See Commonwealth v. Batty*, 393 A.2d 435 (Pa. 1978).

On June 25, 2012, the Supreme Court of the United States announced its decision in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the High Court held that mandatory sentences of life imprisonment without the possibility of parole for juvenile offenders violated the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* at 479. In light of *Miller*, appellant filed a petition pursuant to the Post Conviction Relief Act[2] ("PCRA"). The trial court denied appellant's petition, and we affirmed the trial court's denial on December 3, 2013. *See Commonwealth v. Batty*, No. 1789 MDA 2012, unpublished memorandum (Pa.Super. filed Dec. 3, 2013).

The Supreme Court of the United States announced its decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), on January 25, 2016. Therein, the Supreme Court applied its holding in *Miller* retroactively. *Id.* at 736. Appellant filed a PCRA petition pursuant to *Montgomery* on March 4, 2016, and a hearing was held on May 4, 2016, during which the trial court granted appellant's petition and ordered that he be resentenced pursuant to *Miller* and *Montgomery*. Simultaneously, appellant had filed a writ of

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

*habeas corpus* with the United States District Court for the Middle District of Pennsylvania ("the Middle District"). On June 17, 2016, the Middle District granted appellant's writ of *habeas corpus*, in the form of an order directing the trial court to resentence him pursuant to *Miller* and *Montgomery*.

On June 6, 2017, the trial court sentenced appellant to 50 years to life imprisonment, with credit for time served. On June 20, 2017, appellant filed a notice of appeal to this court. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant complied on August 22, 2017. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on September 20, 2017.

On May 22, 2018, appellant filed an application for relief in which he requested that oral argument be cancelled and the case be remanded to the trial court for an evidentiary hearing on the legality of his sentence. Disposition of appellant's application was deferred to the time of oral argument. On June 20, 2018, appellant's application was denied and oral argument was held.

Appellant raises the following issues for our review:

> I.   Is a sentence of 50 years to life imprisonment an illegal sentence, in violation of the United States Constitution, the Pennsylvania Constitution, and Pennsylvania's codified statutory law?
>
> II.  Did the lower court illegally impose costs on the appellant in light of the fact that all of the litigation following the United State[s] Supreme Court case of *Miller v. Alabama* resulted from

an illegal sentence that was imposed on the appellant [sic] in 1976 when he was a juvenile?

III. Did the lower court fail to resolve the question of whether appellant's case was properly in court because of a petition for writ of habeas corpus in the United States District Court or because of a Post Conviction Relief Act motion?

Appellant's brief at 3 (full capitalization omitted).

**I.**

In his first issue on appeal, appellant raises a claim pertaining to the legality of his sentence. "The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Crosley***, 180 A.3d 761, 771 (Pa.Super. 2018), quoting ***Commonwealth v. Rotola***, 173 A.3d 831, 834-835 (Pa.Super. 2017). An appeal pertaining to the legality of a sentence is nonwaivable. ***Commonwealth v. Foster***, 17 A.3d 332, 345 (Pa. 2011).

Appellant divides his first issue into four separate sub-issues. In his first sub-issue, appellant avers that appellant's original sentence of mandatory life imprisonment without possibility of parole ("LWOP") as a result of his July 9, 1976 judgment of sentence was illegal. In light of the Supreme Court of the United States' decisions in ***Miller*** and ***Montgomery***, as detailed above, this is beyond dispute.

In his second and fourth sub-issues, which we shall combine for ease of discussion, appellant contends that in light of the High Court's decisions in

*Miller* and *Montgomery*, Pennsylvania's sentencing scheme for juveniles convicted of first or second-degree murder pre-*Miller* is still illegal, and that Pennsylvania lacks a statute authorizing the imposition of a sentence of 50 years to life imprisonment to a juvenile convicted of first-degree murder pre-*Miller*. This issue has been addressed in great detail both by the Supreme Court of Pennsylvania in *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017), and by this court in *Commonwealth v. Foust*, 180 A.3d 416 (Pa.Super. 2018). Specifically, our supreme court held as follows:

> For those defendants for whom the sentencing court determines a [LWOP] sentence is inappropriate, it is our determination here that they are subject to a mandatory maximum sentence of life imprisonment as required by section 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing[.]

*Id.* at 429, quoting *Batts*, 163 A.3d at 421. As noted by the *Foust* court, in light of our supreme court's decision in *Batts*, "there was valid statutory authority to impose a maximum sentence of life imprisonment for [a] first-degree murder conviction." *Id.* at 430. Accordingly, appellant's second and fourth sub-issues are without merit.

Finally, in his third sub-issue, appellant contends that the *Batts* court "did not remedy the illegal mandatory sentencing scheme that remains in place in Pennsylvania as it relates to juveniles convicted of murder of the first degree or murder of the second degree before June 25, 2012." (Appellant's brief at 16-20.) Based on our reading of appellant's brief, it appears that

appellant invites us to re-visit our supreme court's determination in **Batts**.

We are constitutionally required to decline such an invitation.

Indeed, this court has:

> no more authority than the trial court to overturn a prior decision of the Pennsylvania Supreme Court. **See Walnut St. Assoc., Inc. v. Brokerage Concepts, Inc.**, [] 20 A.3d 468, 480 (Pa. 2011) ("it is beyond peradventure that the Superior Court must following [the Supreme] Court's mandates . . .").

**Mut. Benefit Ins. Co. v. Politopoulos**, 75 A.3d 528, 534 (Pa.Super. 2013), **affirmed on other grounds**, 115 A.3d 844 (Pa. 2015). Further, the decision announced by the **Foust** court is also binding, as we cannot overturn a decision of a prior panel of this court. **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa.Super. 2006), **appeal denied**, 946 A.2d 686 (Pa. 2008), **cert. denied**, 555 U.S. 881 (2008), citing **Commonwealth v. Hull**, 705 A.2d 911, 912 (Pa.Super. 1998) **appeal denied**, 725 A.2d 179 (Pa. 1998).

Therefore, we find that the trial court did not abuse its discretion when it sentenced appellant to a term of 50 years to life imprisonment. Appellant's first issue is without merit.

## II.

Appellant has explicitly waived and abandoned his second issue on appeal. (Appellant's brief at 24.)

## III.

In his third and final issue on appeal, appellant avers that the trial court erred when it did not indicate whether appellant was being resentenced

- 6 -

pursuant to the relief granted by the trial court on his PCRA petition or the relief granted by the Middle District pursuant to his writ of **habeas corpus**. (**Id.**) Appellant requests that this case be remanded to the trial court so that the trial court may make a determination as to whether appellant was resentenced pursuant to the relief granted by the trial court on his PCRA petition or the relief granted by the Middle District. The Commonwealth argues that this issue revolves around a "distinction without a difference." (Commonwealth's brief at 19.) We agree.

Our review of the record reveals that the trial court resentenced appellant pursuant to his post-**Montgomery** PCRA petition. Indeed, as the trial court noted in its Rule 1925(a) opinion,

> [O]n March 4, 2016, [a]ppellant through his counsel filed another PCRA petition, which was scheduled to be heard in front of [the Honorable Richard K.] Renn on May 4, 2016. At that hearing, sentencing was scheduled for October 27, 2016.
>
> During this interim, The Honorable Sylvia H. Rambo of the United States District Court for the Middle District of Pennsylvania ordered that "the petition for writ of habeas corpus is GRANTED and this case be remanded to the court of common pleas for resentencing in accordance with **Miller** and **Montgomery**."[Footnote 47]
>
> > [Footnote 47] Order Remanding Case, at 4, June 7, 2016, ECF No. 27, 1:14-cv-01375-SHR.
>
> The October 27th hearing was rescheduled to February 28, 2017 based on a Motion for Additional Hearing Dates. Around January 2017, this case was transferred from Judge Renn to this Court. Upon

> discussion with Judge Renn, Judge Renn clarified that the hearing and scheduling of the sentencing was a result of [appellant's] PCRA Petition, which was first filed March 4, 2016. Though, Judge Rambo's order dated June 7, 2016 orders that the case be resentenced. It is unclear what other relief [a]ppellant implies she was ordering. Certainly, this order was not an instruction to release [appellant] or to only sentence on Murder of the Third Degree. The order was to resentence [a]ppellant consistent with the recent controlling case law. Regardless, through either procedural mechanism, [a]ppellant was resentenced pursuant to the controlling case and statutory law.

Trial court opinion, 9/20/17 at 22-23.

Appellant's requested relief is that we remand this case to the trial court for a determination "on the question of whether [the trial court] granted [appellant] relief under the Post Conviction Relief Act or pursuant to a Writ of **Habeas Corpus**." (Appellant's brief at 27 (emphasis added).) For the above reasons, appellant's third issue is moot, as the record clearly reflects that he was re-sentenced pursuant to his PCRA petition.

Judgment of sentence affirmed. Application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/18