J. S51041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
MATTHEW BALDWIN, : No. 2613 EDA 2017
:
Appellant :

Appeal from the PCRA Order, July 13, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0010832-2013

BEFORE: DUBOW, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 26, 2018**

Matthew Baldwin appeals ***pro se*** the order of October 30, 2017, issued

by the Court of Common Pleas of Philadelphia County that denied his petition

under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

After careful review, we affirm.

The factual history of this matter, as initially recounted by the trial

court during appellant's direct appeal, is as follows:

> On September 10, 2012 at approximately 5:45 p.m.,
> Kharee Tillmon was with some friends at the Cecil B.
> Moore Recreation Center located at 22nd Street and
> Huntingdon Street. [Appellant][1] entered the
> playground and began talking with Tillmon and his
> friends. Eventually, [appellant] began arguing with
> Tillmon about $10 that Tillmon owed [appellant].
> [Appellant] stated, "Man, you've been owing me my
> bread for the longest. Give me my bread." When

---

[1] Appellant was 17 years old at the time.

Tillmon stated he did not have [appellant's] money, [appellant] drew a .22 caliber revolver, pointed it at Tillmon, and shot him once in the chest. [Appellant] then kicked Tillmon once in the head, after Tillmon had fallen to the ground, and left the scene.

Tillmon suffered a single gunshot wound to the chest, which penetrated his heart and both of his lungs. Doctors pronounced Tillmon dead at approximately 6:11 p.m.

Trial court opinion, 10/30/17 at 3, citing trial court opinion, 7/2/15 at 2 (footnote omitted).

The trial court recounted the following procedural background:

On November 20, 2014, following a jury trial before this Court, [appellant] was convicted of one count each of first-degree murder (18 Pa.C.S.[A]. § 2502(a)), carrying a firearm without a license (18 Pa.C.S.[A.] § 6106), carrying a firearm on a public street in Philadelphia (18 Pa.C.S.[A.] § 6108), and possessing an instrument of crime (18 Pa.C.S.[A.] § 907). On January 23, 2015, the Court imposed an aggregate sentence of 50 years to life in state prison (18 Pa.C.S.[A.] § 1102.1(a)(1)). [Appellant] did not file post-sentence motions. [Appellant] was represented at trial and at sentencing by Brian J. McMonagle, Esquire. [Appellant] was represented on direct appeal by James Ephraim Lee, Esquire.

On January 21, 2016, while his direct appeal was pending, [appellant] prematurely filed a *pro se* petition under the [PCRA]. This Court deemed the [p]etition to have been timely re-filed after the Superior Court affirmed [appellant's] judgment of sentence on May 9, 2016, and [appellant] did not seek review of that decision in the Supreme Court of Pennsylvania. James Lammendola, Esquire was appointed to represent [appellant] on October 27, 2016.

> On March 3, 2017, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988), Mr. Lammendola filed a letter stating there was no merit to [appellant's] claims for collateral relief. On March 28, 2017, [appellant] filed a response to PCRA counsel's **Finley** letter. On March 31, 2017, the Court issued notice pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intention to dismiss [appellant's] PCRA Petition without an evidentiary hearing. [Appellant] responded to the Court's 907 Notice on May 11, 2017 ("907 Response"), repeating the same arguments made in his response to the **Finley** Letter. On July 13, 2017, the Court formally dismissed [appellant's] PCRA Petition and granted Mr. Lammendola's motion to withdraw his appearance.

Trial court opinion, 10/30/17 at 1-2 (citations omitted).

On August 7, 2017, appellant filed a notice of appeal. On August 10, 2017, the trial court ordered appellant to prepare a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On September 18, 2017, appellant complied with the order. On October 31, 2017, the trial court filed an opinion, pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for this court's review:

1. Is it unconstitutional to sentence a juvenile to 50 to Life a de facto sentence of Life Imprisonment [without] the possibility of parole, [without] a factual basis to determine if the juvenile was permanently incorrigible, irreparably corrupt, or irretrievably depraved?

2. Absent a judicial finding, a juvenile is permanently incorrigible, irreparably corrupt, or irretrievably depraved, is it unconstitutional to sentence a juvenile to 50 to Life, a de facto sentence of Life imprisonment [without] the possibility of parole[?]

3. Under the circumstances of this case[,] was it unconstitutional to sentence [appellant] to 50 to Life, a de facto sentence of Life Imprisonment [without] the possibility of parole?

4. As the United States Supreme Court in **Miller v. Alabama**, [567 U.S. 460 (2012),] struck down the Pennsylvania First and Second Degree Murder statutes for juveniles, was the only Constitutional Sentence here one for Voluntary or Involuntary Manslaughter, due to Third Degree Murder in Pennsylvania being Unconstitutionally Vague?

5. Did the Trial Court impose an Illegal Sentence upon [appellant] when it imposed the 50 years to Life Sentence in state prison, pursuant to 18 Pa.C.S.[A.] § 1102.1(a)(1), which is unconstitutional in its entirety?

Appellant's brief at 3.[2]

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." **Commonwealth v. Sam**, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. **Commonwealth v.**

_____

[2] Appellant's brief is not numbered. However, for ease in locating items in appellant's brief, we count the first page after the table of contents and table of citations as "1" and proceed forward from that point in counting the pages.

*Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. *Id.*

Appellant's first three issues are essentially the same: that he received an unconstitutional *de facto* life sentence without possibility of parole of 50 years' to life when he was a juvenile and was not found to be permanently incorrigible, irreparably corrupt, or irretrievably depraved. (Appellant's brief at 3.)

Appellant raises a claim pertaining to the legality of his sentence. "The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Crosley*, 180 A.3d 761, 771 (Pa.Super. 2018), quoting *Commonwealth v. Rotola*, 173 A.3d 831, 834-835 (Pa.Super. 2017). An appeal pertaining to the legality of a sentence is nonwaivable. *Commonwealth v. Foster*, 17 A.3d 332, 345 (Pa. 2011).[3]

On June 25, 2012, the Supreme Court of the United States announced its decision in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the High Court held that mandatory sentences of life imprisonment without the possibility of parole for juvenile offenders violated the Eighth Amendment's

---

[3] The Commonwealth contends that appellant waived all issues because he did not raise these issues in his PCRA petition. Because the claims address the legality of the sentence imposed upon appellant, we will address them.

prohibition against cruel and unusual punishment unless there was a determination that the offender was permanently incorrigible, irreparably corrupt, or irretrievably depraved. *Id.* at 471-473, 479-480.

In ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), the Supreme Court of the United States held that ***Miller*** applied retroactively.

In response to ***Miller***, our General Assembly passed 18 Pa.C.S.A. § 1102.1 which provides that a person between 15 and 17 years of age convicted of first degree murder after June 24, 2012, must be sentenced to a maximum term of life imprisonment and a minimum sentence can be set anywhere from 35 years' to life. Appellant was not resentenced to life without parole, so ***Miller***, on its face, does not apply.

With respect to a ***de facto*** life sentence without possibility of parole, in ***Commonwealth v. Foust***, 180 A.3d 416 (Pa.Super. 2018), this court held that a trial court may not impose a term-of-years sentence on a juvenile convicted of homicide if that sentence is equivalent to a ***de facto*** life without possibility of parole sentence, unless the trial court finds, beyond a reasonable doubt, that the juvenile is incapable of rehabilitation. ***Id.*** at 433. This court also held that ***de facto*** life sentences are cruel and unusual punishment when imposed on juveniles convicted of non-homicide offenses or juvenile homicide offenders capable of rehabilitation. Furthermore, when determining whether a sentence is a ***de facto*** life sentence, this court held that the individual sentences must be examined

rather than the aggregate sentence. *Id.* at 434. In so doing, the court determined that each individual sentence did not represent a *de facto* life sentence. With respect to appellant's argument, he will be in his sixties when eligible for parole, hardly a *de facto* life sentence.

Appellant next contends that the Supreme Court of the United States in *Miller* struck down the first and second-degree murder statutes for juveniles and the third degree murder statute was vague so that the only crime for which he could be convicted for voluntary or involuntary manslaughter. (Appellant's brief at 16.)

The trial court termed this argument frivolous and opined:

> *Miller* did not render our murder statutes incapable of being applied to juveniles. Rather, *Miller* "held that a sentencing scheme that mandates the imposition of a life-without-parole sentence for a juvenile violates the Eighth Amendment to the United States Constitution." *Commonwealth v. Batts*, 163 A.3d 410, 432 (Pa. 2017). After *Miller*, our legislature enacted a sentencing statute to ensure that all of the mandates of *Miller* were consistent with Pennsylvania law. 18 Pa.C.S.A. § 1102.1. The constitutionality of section 1102.1 has been upheld by our Superior Court, which held that section 1102.1 is fully compliant with the mandate of *Miller* and the requirements of the Eighth Amendment. *See Commonwealth v. Brooker*, 103 A.3d 325, 339 (Pa.Super. 2014).
>
> [Appellant] was sentenced for first degree murder under section 1102.1, with the sentencing court making all of the findings mandated by that statute. Accordingly, there is nothing in *Miller*, nor in any other authority, that would render his conviction and sentencing for first degree murder unlawful. No relief is due.

Trial court opinion, 10/30/17 at 7 (citation to record omitted).

The trial court has succinctly and accurately analyzed this issue. Appellant fails to persuade this court that the trial court erred when it failed to find that appellant, at most, could be sentenced to manslaughter.

Finally, appellant contends that the trial court imposed an illegal sentence upon him because 18 Pa.C.S.A. § 1102.1(a)(1) is unconstitutional in its entirety because he believes that statutes governing sentencing for crimes must be contained in the Sentencing Code at 42 Pa.C.S.A. §§ 9701-9799.75. (Appellant's brief at 20.) This court does not agree. Chapter 11 of the Crimes Code, 18 Pa.C.S.A. §§ 1101-1110, is entitled Authorized Disposition of Offenders and contains sections dealing with the amount of a fine that can be imposed based on the offense (Section 1101), 18 Pa.C.S.A. § 1101, and sentences for murder, felonies, misdemeanors, and summary offenses (Sections 1102-1105), 18 Pa.C.S.A. §§ 1102-1105. Most of these sections have been effective since 1973. Appellant does not cite any case law that supports his contention that the enactment of Section 1102.1 is invalid and an unconstitutional **ex post facto** law. This issue has no merit.

Appellant has failed to prove that the PCRA court's decision contained legal error or that any findings were unsupported by the evidence of record.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/18