J-A08018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FLECIA HARVEY | : | |
| | : | |
| Appellant | : | No. 845 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 14, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000114-2021

BEFORE: BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.: **FILED: May 6, 2022**

Flecia Harvey appeals, *pro se*, from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, following her conviction of criminal mischief.[1] We affirm in part, vacate in part, and remand.

On February 1, 2021, Harvey, while operating a snow blower to clear her driveway, rammed the snow blower into the vinyl fence belonging to her neighbors, Ramin and Holly Fashandi. When Ramin confronted Harvey, she disregarded him. The fence was damaged. Ramin testified that the cost to repair the fence would be $1,284.00. **See** N.T. Trial, 7/14/21, at 30.

Harvey was convicted of criminal mischief and harassment[2] at the magisterial district court, and she filed a timely summary appeal in the Court

---

[1] 18 Pa.C.S.A. § 3304.

[2] 18 Pa.C.S.A. § 2709.

of Common Pleas of Allegheny County. A *de novo* trial was held before the Honorable W. Terrence O'Brien. At trial, the fence repair estimate of $1,284.00 was entered into evidence. **See** N.T. Trial, **supra** at 31, 35. The court also viewed a video depicting Harvey hitting the fence with the snow blower. The court convicted Harvey of criminal mischief, acquitted her of harassment, and ordered her to pay restitution in the amount of $1,228.00, plus costs.

Harvey filed this timely appeal, and the court ordered Harvey to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). **See** Order, 7/22/21. The order also notified Appellant that "[a]ny issue not properly included in the Statement timely filed and served, pursuant to [Rule] 1925(b) shall be considered waived for purposes of appeal." **Id.**

In her Pa.R.A.P. 1925(b) statement, Harvey stated she was appealing "on the grounds of ineffective assistance" of counsel because counsel "arrived late[,]" "had not made the [court] aware of the evidence and documents" she had for the case, and "did not cross examine the witness." Pa.R.A.P. 1925(b) Statement, 8/6/21. The trial court issued a Rule 1925(a) opinion, finding Harvey's ineffectiveness claims meritless. **See** Opinion, 10/13/21.[3]

---

[3] Generally, "claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546] review; . . . such claims should not be reviewed upon direct appeal." **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (footnote omitted). However, Harvey

In her brief on appeal, however, Harvey raises a different issue: "Whether the court's grant of summary judgment to appellee must be reversed because [of] 28 U.S. Code § 2254. There was no true evidence showing damage to this fence." Appellant's Brief, at 5. Harvey has clearly waived her issue on appeal by failing to include it in her Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1988) (in order to preserve claims for appellate review, appellant must comply with trial court order to file statement of matters complained of on appeal pursuant to Rule 1925(b)). ***See also Commonwealth v. Castillo***, 888 A.2d 771, 779-80 (Pa. 2005) (Supreme Court explained that mandatory waiver of all claims that do not strictly adhere to Rule 1925(b)'s requirements "provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply"); ***Commonwealth v. Carr***, 227 A.3d 11, 18 (Pa. Super. 2020) (observing appellants must comply with trial court's order to file 1925(b) statement in order to preserve claims for appellate review; any issues not raised in 1925(b) statement will generally be deemed waived).

---

falls within one of the three exceptions to this rule because she is statutorily precluded from seeking PCRA relief. ***See Commonwealth v. Delgros***, 183 A.3d 352 (Pa. 2018) (holding trial courts required "to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review").

However, with respect to the order of restitution, we find that portion of Harvey's sentence illegal. ***Commonwealth v. Hall***, 80 A.3d 1204 (Pa. 2013) The "legality of sentence issues may be reviewed *sua sponte* by this Court[,]" including legality of sentence issues relating to "an award of restitution[.]" ***Commonwealth v. Tanner***, 205 A.3d 388, 398 (Pa. Super. 2019) (citation and internal quotation marks omitted). ***See also Commonwealth v. Infante***, 63 A.3d 358 (Pa. Super. 2013) (this Court may raise legality of sentence *sua sponte*). When the legality of a sentence is at issue, our "standard of review over such questions is *de novo* and our scope of review is plenary." ***Id.***

> In criminal proceedings, an order of restitution is a sentence (even when imposed as a condition of probation); it is not an award of damages; recompense to the victim is secondary. The objectives of restitution differ from the objectives of awarding damages; although the amounts are related, they need not be coterminous. The primary purpose of restitution is rehabilitation of the offender by impressing upon [her] that [her] criminal conduct caused the victim's loss or personal injury and that it is [her] responsibility to repair the loss or injury as far as possible.

***Commonwealth v. Solomon***, 25 A.3d 380, 389 (Pa. Super. 2011) (citations and quotation omitted).

It is the Commonwealth's burden to prove entitlement to restitution, and the amount of restitution must be supported by the record. ***Commonwealth v. Boone***, 862 A.2d 639, 643 (Pa. Super. 2004). When fashioning an order of restitution, the sentencing court must ensure that the record contains the factual basis for the appropriate amount of restitution.

***Commonwealth v. Pleger***, 934 A.2d 715, 720 (Pa. Super. 2007). The statutory authority for restitution, 18 Pa.C.S.A. § 1106, requires that the property damage be a "direct result" of the crime. ***Id.*** at § 1106(a)(1).[4] ***See Commonwealth v. Weir***, 201 A.3d 163, 172 (Pa. Super. 2018) ("A sentencing court has statutory authority to impose restitution under § 1106(a) when the defendant committed a crime, the victim suffered damage to person or property, and there exists a **direct causal nexus between the crime of which defendant was convicted and the loss or damage suffered by the victim**.") (emphasis added).

Here, the record does not support the restitution award.[5] The damage to the Fashandis' fence occurred on February 1, 2021. Although Ramin

_____

[4] Section 1106(a)(1) states:

**§ 1106. Restitution for injuries to person or property**

(a) General rule.--Upon conviction for any crime wherein:

> (1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime[,]

*  *  *

the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a)(1).

[5] We note the Commonwealth conceded as much at oral argument.

testified to the costs to repair the fence, the estimate that was referred to in the record, marked as an exhibit (Commonwealth Exhibit 1), and entered into evidence is **not** included in the record and may have related to a prior incident. *See* N.T. Trial, *supra* at 31, 35.  On direct examination, Holly testified as follows:

> Q:    [W]hat is your estimate to replace those slats?
>
> A:    My husband would know.  I don't know because he has dealt with the fence people to get the estimate.  **We have a previous estimate from other damage that was caused**?
>
>> THE COURT:  You have what?
>
> A:    **We have a previous estimate from other damage caused to the fence**.
>
>> THE COURT:    **Not this damage?**
>
> A:    **Not this damage, no, we have to get a whole new estimate**.

*Id.* at 29 (emphasis added).[6]

Because it is not supported in the record, we vacate the restitution order.  *See Commonwealth v. Weir*, 201 A.3d 163, 171 (Pa. Super. 2018);

---

[6] In a prior case involving Harvey's partner, Veronica Rutherford, where the Fashandis alleged Rutherford caused property damage to their fence with her vehicle, Holly testified that the North American Fencing Company provided an estimate of $1,228.00, dated May 27, 2020.  However, that transcript is not of record, but was provided as an Appendix to Appellant's Brief; it included a transcript from *Commonwealth v. Veronica Rutherford*, CC NO: 202101839, N.T. Non-Jury Trial,  8/31/21,  at 15-17, 24 (Holly testifying that the area damaged by the snowblower was a different area of the fence than the part damaged by Rutherford in the May 13, 2020 incident involving Rutherford's vehicle--- for which the $1,228.00 estimate by North American Fencing was used).

*see also Commonwealth v. Rotola*, 173 A.3d 831, 834 (Pa. Super. 2017) ("An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing; as such, it is a non-waivable matter"). In sum, it is clear from our review of the record that the court improperly ordered restitution without sufficient evidence demonstrating the basis for that amount. It is also evident the court intended restitution as an integral part of the sentencing scheme since the trial court sentenced Harvey only to restitution and costs, imposing no further penalty. **See** Sentencing Order, 7/14/21. Accordingly, we affirm the conviction, vacate the restitution order, and remand for further proceedings. Specifically, we remand for a determination of the proper amount, if any, of restitution for fence damage that is directly related to the February 1, 2021 incident.

Affirmed in part; vacated and remanded in part with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2022