J-S16015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY CLANTON | : | |
| | : | |
| Appellant | : | No. 1739 EDA 2022 |

Appeal from the PCRA Order Entered May 31, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011724-2012

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                   **FILED NOVEMBER 16, 2023**

Appellant, Gary Clanton, appeals from the May 31, 2022 order, entered in the Philadelphia County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. He challenges plea counsel's stewardship. After careful review, we affirm the order denying Appellant PCRA relief.

The relevant facts and procedural history are as follows. On June 30, 2014, Appellant, represented by Attorneys Robert J. Levant and Raymond C. Driscoll, entered negotiated guilty plea to one count each of Third-Degree Murder, Conspiracy, and Firearms Not to be Carried Without a License in connection with the 2011 murder of Alan Ashley. At the guilty plea hearing, the Commonwealth informed the court that Appellant had agreed to plead guilty in exchange for a negotiated recommended sentence of 25 to 50 years

of incarceration.[1]  Attorney Levant confirmed the Commonwealth's statement of the parties' negotiation and the court proceeded to conduct a robust guilty plea colloquy, which included, *inter alia*, Appellant confirming his understanding of the terms of the plea as set forth on the record by the Commonwealth and reiterated by the court.  Appellant also completed and signed a written guilty plea colloquy indicating that he had agreed to a recommended sentence of 25 to 50 years of incarceration and would receive credit for any time served.

At the conclusion of the guilty plea hearing, the trial court sentenced Appellant in accordance with the negotiated guilty plea to an aggregate term of 25 to 50 years of incarceration.  The court then asked the Commonwealth whether it requested "that funeral expenses be extracted from [Appellant]." N.T., 6/30/14, at 54.  The Commonwealth informed the court that the Victim's Compensation Fund had paid the victim's $4,197 funeral expense and, thus, "would be the beneficiary of any restitution."  The court then indicated that "[i]n addition to the sentence just imposed which was negotiated, [Appellant] must pay costs and fees and funeral expenses in the amount of $4,197."  ***Id.***

Appellant did not file a motion to withdraw his guilty plea at any time, any other post-sentence motion, or a direct appeal from his judgment of sentence.

---

[1] In exchange for his guilty plea, the Commonwealth *nolle prossed* First-Degree Murder and two additional firearms charges.

On March 4, 2015, Appellant *pro se* filed a PCRA petition and retained private PCRA counsel who filed an amended PCRA petition. On February 20, 2018, the PCRA court granted Appellant relief and reinstated his direct appeal rights *nunc pro tunc*. The court appointed new appellate counsel on March 9, 2018, who filed a timely notice of appeal *nunc pro tunc* that same day.

On March 22, 2019, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Clanton*, 215 A.3d 669 (Pa. Super. 2019) (unpublished memorandum).

On April 5, 2019, Appellant *pro se* filed the instant PCRA petition raising numerous ineffective assistance of counsel claims, including that counsel failed to advise him that the court could sentence him to pay mandatory fines, costs, and restitution when those terms were not part of his plea agreement with the Commonwealth. PCRA Petition, 4/5/19, at 7. Appellant retained private counsel who, on February 6, 2020, filed an amended petition reiterating and developing the claims raised by Appellant in his *pro se* petition. Amended Petition, 2/6/20, at 6-7 (asserting that plea counsel was ineffective for not informing Appellant of and failing to object to the imposition of restitution and claiming the trial court erred in imposing restitution where it was not part of the plea-bargained terms).

On May 31, 2022, the PCRA court held an evidentiary hearing on the issue of counsel's ineffectiveness with respect to the imposition of restitution.[2] At the hearing, the court admitted into evidence the stipulation of plea counsel Attorney Levant that he has no specific recollection as to the plea negotiations or discussion with Appellant concerning restitution, but that no amount of restitution would have altered his ultimate advice to Appellant to enter a guilty plea.  N.T., 5/31/22, at 5-6.

Appellant testified that his counsel never informed him that he would be ordered to pay restitution.  *Id.* at 7-8.  He further testified that he first learned about the restitution sentence after he had entered his plea, "[w]hen the judge asked the DA if he wanted to add anything at the end."  *Id.* at 9.  He confirmed that he would not have entered the guilty plea had he known that the court would sentence him to pay restitution.  *Id.* at 10, 13-14.

At the conclusion of Appellant's testimony, the PCRA court concluded that Appellant "may be telling the truth, but I just can't give you a new trial based on that."  *Id.* at 16.  Accordingly, the PCRA court denied Appellant's PCRA petition.

This timely appeal followed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

---

[2] At the hearing, Appellant's counsel informed the court that Appellant had been ordered to pay $4,200 in restitution.  N.T., 5/31/22, at 6.  Appellant believed that he had paid approximately $900 to date.  *Id.* at 12.

Did the PCRA court err by denying [Appellant's] PCRA petition and a new trial after finding that [Appellant] was never informed he was to pay any restitution amount, in this case specifically $4,197, before entering his guilty plea consistent with **Commonwealth v. Rotola**, [] 173 A.3d 831[ (Pa. Super. 2017),] and its progeny?

Appellant's Brief at 4.[3]

## A.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010). "Further, the PCRA

---

[3] Appellant also included the following question in his Statement of Questions Involved:

Without prejudice to Claim I: Did the PCRA court err by denying [Appellant's] PCRA Petition and a new trial without addressing the remaining raised claims that Attorneys Levan[t] and Driscoll provided ineffective assistance of counsel by failing to inform [Appellant] that they possessed, or should have possessed, exculpatory evidence regarding contradictory reports of the deceased's killing?

Appellant's Brief at 4. Appellant did not raise this issue in his Rule 1925(b) Statement or present any argument in support of it in his Brief to this Court. Accordingly, it is waived. **See** Pa.R.A.P. 1925(b)(4)(viii) ("Issues not included in the Statement . . . are waived."); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

court's credibility determinations are binding on this Court, where there is record support for those determinations." *Id.*

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. *See* 42 Pa.C.S. §§ 9543(a)(2)(i)-(viii). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.* at § 9543(a)(3), (a)(4).

We presume that counsel has rendered effective assistance. ***Commonwealth v. Bickerstaff***, 204 A.3d 988, 992 (Pa. Super. 2019). In order to overcome the presumption that counsel has provided effective assistance, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Bradley***, 261 A.3d 381, 390 (Pa. 2021). To establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's

error or omission, the result of the proceeding would have been different." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012) (citation omitted).

"If a petitioner fails to satisfy any prong of the ineffectiveness inquiry, a claim of ineffective assistance of counsel will be rejected." **Commonwealth v. Eichinger**, 108 A.3d 821, 830-31 (Pa. 2014). Thus, "if it is clear that [an a]ppellant has not established that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." **Commonwealth v. Gribble**, 863 A.2d 455, 460-61 (Pa. 2004) (citation omitted).

### B.

Appellant argues that the PCRA court erred in dismissing his petition because he demonstrated that his claim that he would not have entered a guilty plea had he known he would have to pay restitution had "arguable merit." Appellant's Brief at 14-16. He further contends that he established that his counsels' actions or omissions caused him prejudice because he would have gone to trial rather than accept an illegal sentence. **Id.** at 17-18.

In its Rule 1925(a) Opinion, the PCRA court explained that had Appellant not entered a negotiated guilty plea and instead elected to proceed to trial on all the charged offenses, he faced a potential life sentence if convicted of First-Degree Murder. PCRA Ct. Op., 10/10/23, at 3 (unpaginated). Given this, the PCRA court found not credible Appellant's testimony that he would not have taken the negotiated guilty plea had he known he would have to pay

restitution. *Id.* The court opined that it "simply did not believe [Appellant's] testimony that the restitution consideration would have impacted him so greatly that he would have reached a different decision on whether he would have pleaded guilty." *Id.* Because it concluded that there was no reasonable probability that the outcome of the proceedings would have been different but for counsels' acts or omissions, the court found Appellant's ineffective assistance of counsel claim meritless.

As noted above, we are bound by the PCRA court's credibility determinations. Thus, we conclude that the PCRA court did not abuse its discretion in concluding that Appellant's ineffective assistance of counsel claim lacked merit.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/16/2023