J-A13030-19

2019 PA Super 294

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YAHYA ASAAD MUHAMMED | : | |
| | : | |
| Appellant | : | No. 1087 EDA 2018 |

Appeal from the Judgment of Sentence March 6, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004632-2017

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

CONCURRING & DISSENTING OPINION BY SHOGAN, J.:

**FILED SEPTEMBER 30, 2019**

I agree with the learned Majority that we must vacate Appellant's sentence and remand because "the trial court had no authority to impose restitution while deferring the amount and method of payment for decision at a later date." Majority Opinion at 8 (citing 18 Pa.C.S. § 1106(c)(2) and **Commonwealth v. Ramos**, 197 A.3d 766 (Pa. Super. 2018)). I also agree with the Majority's conclusion that the imposition of restitution for the victim's damaged property was proper. **Id.** at 12. However, I disagree with the Majority's conclusion that the imposition of restitution for the victim's missing property resulted in an illegal sentence. **Id.**

_____

[*] Retired Senior Judge assigned to the Superior Court.

As defined in the restitution statute, "Injury to property" is "[l]oss of real or personal property, including negotiable instruments, or decrease in its value, directly resulting from the crime." 18 Pa.C.S. § 1106(h). "Property" includes "real and personal property . . . of the victim." *Id.* "Restitution" means: "The return of the property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court." *Id.*

Here, Appellant pled guilty to criminal trespass. N.T. Guilty Plea, 3/5/18, at 6–10. Specifically, Appellant acknowledged that he entered the victim's residence, "remained inside, that items were removed and/or damaged, and that [he] knew that [he] didn't have any license or any lease or any legal right to be there[.]" *Id.* at 9. The factual basis for Appellant's plea supports an order of restitution for the return of the victim's missing property in the form of cash payments. 18 Pa.C.S. § 1106(h).

Additionally, at the restitution hearing, the victim's granddaughter ("Granddaughter") provided testimonial and documentary evidence as to the value of property that she knew was missing from the residence. N.T. Restitution, 3/12/18, at 9–40. The trial court found Granddaughter's testimony credible and "that the loss or damages sustained were a direct result of the Appellant's and his co-defendant's criminal conduct." Trial Court Opinion, 6/12/18, at 9. Thus, the trial court ordered Appellant to pay $8,825.98 in restitution, jointly and severally with his co-defendant. *Id.*

The record clearly supports the trial court's order of restitution as to the missing property. Appellant and his sister were squatters in the victim's residence. They gained entry by breaking a glass door and window. They changed the door locks, opened utility accounts, and paid the property taxes. They removed carpeting and padding from two rooms and part of a wall in the bathroom. They pillaged furniture and boxes packed with the victim's property, discarding some items on the driveway. By the time Granddaughter regained access to the residence, much of the victim's property was missing.

The trial court acknowledged—and the record confirms—that Granddaughter could only identify a fraction of the victim's missing property. N.T., 3/12/18, at 80. Nonetheless, Granddaughter provided replacement values for "those items that could be very specifically identified," which the trial court accepted in determining the amount of restitution. *Id.* at 82. Because "the actual loss incurred by the victim [was] far greater than the amount of restitution . . . requested," *id.*, the trial court's value for the known missing items was neither speculative nor excessive, but limited to the loss of property sustained as a direct result of Appellant's criminal conduct. Accordingly, I would affirm the amount of restitution imposed as to the missing property.