J-A13030-19

2019 PA Super 294

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                      :            PENNSYLVANIA
                                                       :
                    v.                                   :
                                                       :
                                                       :
YAHYA ASAAD MUHAMMED                  :
                                                       :
                  Appellant                  :       No. 1087 EDA 2018

Appeal from the Judgment of Sentence March 6, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004632-2017

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

OPINION BY NICHOLS, J.:                     **FILED SEPTEMBER 30, 2019**

Appellant Yahya Asaad Muhammed appeals from the judgment of sentence entered after he pled guilty to criminal trespass.[1]  On appeal, Appellant challenges the trial court's restitution award.  For the reasons that follow, we vacate and remand for resentencing.

The relevant facts giving rise to this appeal are well known to the parties, and we need not restate them here.  Briefly, the trial court summarized the procedural history of this matter as follows:

> On March 5, 2018, . . . Appellant[, who was represented by counsel,] entered into a negotiated guilty plea to criminal trespass, a felony of the third degree, and the Commonwealth *nolle prossed* the remaining charges.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3503(a)(1)(i).

In accordance with the plea agreement, the [trial court] sentenced Appellant to 11½ to 23 months in the county correctional facility, to pay court costs, and to pay the restitution amount ordered by the [trial c]ourt joint and several with his co-defendant, Lorna Fretwell.[2]  The [trial court] did not impose a restitution amount at that time.

\*     \*     \*

On March 12, 2018, the [trial c]ourt held a restitution hearing.[3]  Following the restitution hearing, the [trial c]ourt ordered Appellant to pay restitution joint and several with co-defendant, Lorna Fretwell (criminal docket 4631-2017), to the victim in monthly installments as directed by the Montgomery County Adult Probation and Parole Department totaling $8,825.98.

Trial Ct. Op., 6/12/18 at 2-3.

On March 20, 2018, the trial court docketed Appellant's *pro se* motion seeking arrest of judgment and withdrawal of his guilty plea.  On April 10, 2018, the trial court docketed Appellant's *pro se* notice of appeal, in which he included a statement of errors complained of on appeal.[4]  The trial court

_____

[2] The Commonwealth indicated to the trial court that "per our agreement, [Appellant] and his co-defendant will have a restitution hearing with our victim, and any restitution that [the trial court] imposes shall be joint and several with [Appellant's] co-defendant . . . ."  **See** N.T. Guilty Plea Hr'g, 3/5/18, at 3-4.

[3] At the restitution hearing, the victim's granddaughter testified regarding the items that were damaged or missing from the home after the crimes occurred.  **See** N.T. Restitution Hr'g, 3/12/18, at 20-45.  She also provided listings from eBay and Lowe's to establish the approximate value of those items.  **Id.**

[4] Appellant was represented by counsel at the time his *pro se* filings were docketed by the trial court.  We note that *pro se* filings submitted by counseled defendants are generally treated as legal nullities.  **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010).  However, this Court has also recognized that a counseled defendant may act on his own behalf to protect important

denied Appellant's post-sentence motion on May 22, 2018.[5] Thereafter, the trial court issued a Pa.R.A.P. 1925(a) opinion asserting that Appellant's claims were meritless. On August 20, 2018, this Court issued an order directing Appellant's trial counsel, Vanessa L. Bellino, Esq., to enter her appearance on Appellant's behalf.

Appellant raises one issue on appeal: "Did the [t]rial [c]ourt err by awarding restitution that is speculative, unsupported by the record, and does not even relate to the crime for which [Appellant] pleaded guilty?" Appellant's Brief at 2. Appellant first argues that "the bulk of the items contained within the restitution order were not lost or damaged as a direct result of the crime for which [Appellant] pleaded guilty." *Id.* at 15. Second, Appellant asserts that "the restitution order awarded the victim more than the cash equivalent of the property lost due to the crime." *Id.* at 19. Third, Appellant contends that the order was "speculative and unsupported by the record." *Id.* at 26.

---

rights where counsel remains technically attached to the case, but is no longer serving his client's interest. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (requiring this Court to docket a timely *pro se* notice of appeal filed by counseled litigant).

[5] Appellant's notice of appeal was docketed while his post-sentence motion was still pending with the trial court. However, because the trial court subsequently denied Appellant's post-sentence motion, we will treat Appellant's notice of appeal as timely. **See Commonwealth v. Ratushny**, 17 A.3d 1269, 1271 n.4 (Pa. Super. 2011) (stating that when the trial court denies a defendant's post-sentence motion after the filing of a premature notice of appeal, this Court will treat the defendant's premature notice of appeal as having been filed on the date of the order disposing of the post-sentence motion).

Our review of Appellant's claims depends on the nature of the issue being raised. It is well settled that a challenge to the legality of a sentence raises a question of law. *Commonwealth v. Smith*, 956 A.2d 1029, 1033 (Pa. Super. 2008) (*en banc*). In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa. Super. 2013). "An illegal sentence must be vacated[.]" *Commonwealth v. Ramos*, 197 A.3d 766, 769 (Pa. Super. 2018) (citation and quotation marks omitted). Further, we have explained that "a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance." *Commonwealth v. Rivera*, 154 A.3d 370, 381 (Pa. Super. 2017) (*en banc*) (citation and quotation marks omitted), *appeal denied*, 169 A.3d 1072 (Pa. 2017). Moreover, "a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014) (citation omitted).

In contrast, a defendant does not have an absolute right to pursue a challenge to the discretionary aspects of a sentence. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*). Rather, before reaching the merits of such claims, we must determine whether (1) the appeal is timely; (2) the defendant preserved his issues; (3) the defendant included a concise statement of reasons for the discretionary sentence claim in his brief; and (4) the sentence is inappropriate under the sentencing code. *See Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation

omitted). If a defendant invokes this Court's jurisdiction to review the discretionary aspects of a sentence, we review a sentence for an abuse of discretion. ***Commonwealth v. Smith***, 206 A.3d 551, 567 (Pa. Super. 2019).

Section 1106 of the Crimes Code governs the imposition of restitution as part of a sentence and provides, in relevant part:

**§ 1106.  Restitution for injuries to person or property**

**(a)  General rule.**—Upon conviction for any crime wherein:

(1) property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or

(2) the victim suffered personal injury directly resulting from the crime,

the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\*    \*    \*

**(c)  Mandatory restitution.**—(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. . . .

\*    \*    \*

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

- 5 -

* * *

> (4) (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

18 Pa.C.S. § 1106.

> We have explained that there is a

> distinction between claims that challenge the sentencing court's statutory authority to impose restitution, and those which seemingly concede such authority, but challenge the court's exercise of discretion in determining the appropriate amount of restitution. Accordingly, in determining whether a particular claim implicates the legality or discretionary aspects of sentencing, we do not merely look at the manner in which a restitution challenge is phrased; we must instead examine the specific nature of the claim presented to determine whether it challenges the sentencing court's statutory authority to impose restitution, or its discretion in determining the amount of restitution.

***Commonwealth v. Weir***, 201 A.3d 163, 172 (Pa. Super. 2018) (citation omitted), *appeal granted*, 14 WAL 2019, 2019 WL 2590591 (Pa. filed June 25, 2019).

In sum, "a challenge to the legality of sentence is presented when the defendant claims that the trial court lacked statutory authority to impose restitution because the Commonwealth failed to establish one or more of the requirements of section 1106(a)." ***Id.*** at 172 (citation omitted). "Conversely, where the Commonwealth has established each element of § 1106(a), *i.e.*, the victim suffered loss to person or property directly caused by the specific

crime committed by the defendant, a claim that the restitution order is excessive implicates the discretionary aspects of sentencing." *Id.* at 174 (citations omitted); *see Commonwealth v. Holmes*, 155 A.3d 69, 78 (Pa. Super. 2017) (stating that where "statutory authority exists . . . the imposition of restitution is vested within the sound discretion of the sentencing judge" (citation omitted)).

Initially, we observe that the trial court accepted Appellant's negotiated plea and imposed sentence on March 5, 2018. *See* N.T. Guilty Plea Hr'g, 3/5/18, at 13. As part of the sentence, the trial court ordered Appellant to pay court costs plus a restitution amount that would be determined at a future hearing. *Id.* at 13-14. However, the trial court did not specify a restitution amount or payment method. *See id.*; *see also* Sentencing Order, 3/5/18, at 2.

In *Ramos*, the defendant entered a *nolo contendere* plea to criminal mischief. *Ramos*, 197 A.3d at 768. The trial court sentenced the defendant to pay a fine and court costs, but scheduled a separate restitution hearing for another date. *Id.* On appeal, this Court explained that the trial court "initially imposed a generalized, open-ended sentence of restitution, which is a matter we can raise *sua sponte* as an illegal sentence." *Id.* (citation omitted). The *Ramos* Court reiterated that Section 1106 "mandates an initial determination of the amount of restitution at sentencing," and concluded that the trial court must impose "**some** amount and method of restitution at the initial

sentencing." ***Id.*** at 770 (citations omitted and emphasis in original); ***see also***

18 Pa.C.S. § 1106(a), (c)(2). The Court further explained that

> an order entered after the delayed restitution proceeding is not what renders the sentence illegal; **it is the court's order at the initial sentencing, postponing the imposition of restitution until a later date, that fails in both respects to meet the criteria of the restitution statute and taints the entire sentence**.

***Id.*** (citations omitted and emphasis added).

Here, as in ***Ramos***, the trial court "imposed a generalized, open-ended sentence of restitution."[6] ***See*** N.T. Guilty Plea Hr'g, 3/5/18, at 13; ***Ramos***, 197 A.3d at 768. Pursuant to Section 1106(c)(2), the trial court had no authority to impose restitution while deferring the amount and method of payment for decision at a later date. ***See*** 18 Pa.C.S. § 1106(c)(2); ***Ramos***, 197 A.3d at 771. Therefore, the March 5, 2018 sentencing order is illegal, the entire sentence must be vacated, and this matter must be remanded for resentencing. ***See Ramos***, 197 A.3d at 770-71.

Although we have concluded that remand is necessary based on the illegal sentencing order, we will address Appellant's claims relating to the trial court's restitution award.

Appellant's first claim focuses on the imposition of restitution for property that was not lost or damaged as a direct result of his conviction for

---

[6] Although Appellant did not challenge the validity of the March 5, 2018 sentencing order, this Court may consider this issue *sua sponte*. ***See Wolfe***, 106 A.3d at 801.

- 8 -

criminal trespass. By way of further background to this claim, we note the following. At the plea hearing, Appellant admitted that he entered the victim's home, "remained inside, that items were removed and/or damaged," and that he knew he did not have a legal right to be in the residence. N.T. Plea Hr'g, 3/5/18, at 9. Appellant, however, pled guilty to criminal trespass,[7] and the Commonwealth withdrew the charges related to theft. Moreover, Appellant's co-defendant did not plead guilty to a theft offense.[8]

On appeal, Appellant argues that because he pled guilty to criminal trespass, "only property that was 'unlawfully obtained or its value substantially decreased as a direct result of' the trespass may be ordered as restitution." Appellant's Brief at 18. Appellant asserts that "[i]t is improper for the [trial c]ourt to order restitution for any counts for which [Appellant] was not convicted." *Id.* at 18. Specifically, Appellant challenges the trial court's decision to impose restitution for property that was stolen or damaged after he entered the home. *Id.* at 19.

This claim goes to the legality of the sentence. *See Weir*, 201 A.3d at 172 (noting that "[b]ecause of the statutory language 'directly resulting from

_____

[7] Pursuant to 18 Pa.C.S. § 3503, "[a] person commits [criminal trespass] if, knowing that he is not licensed or privileged to do so, he . . . enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof[.]"

[8] Appellant's co-defendant pled guilty to criminal mischief under 18 Pa.C.S. § 3304(a)(5) which provides that "[a] person is guilty of criminal mischief if he . . . intentionally damages real or personal property of another[.]"

- 9 -

the crime,' restitution under § 1106(a) is proper only if there is a direct causal connection between the crime and the loss." (citation omitted)).

We have explained that

[i]n fashioning an award of restitution, the sentencing court must consider the extent of injury suffered by the victim, the victim's request for restitution, and such other matters as it deems appropriate. *See* 18 Pa.C.S. § 1106(c)(2)(i). To determine the correct amount of restitution, a "but-for" test is used to identify damages which occurred as a direct result of the crime and which should not have occurred but for the defendant's criminal conduct. *Commonwealth v. Gerulis*, . . . 616 A.2d 686, 697 ([Pa.] 1992).

*Weir*, 201 A.3d at 171.

For example, in *Commonwealth v. Poplawski*, 158 A.3d 671, 674-75 (Pa. Super. 2017), the defendant was convicted for home improvement fraud after he received $2,000 for services he never performed. At sentencing, the trial court imposed $41,637 in restitution as if the defendant had been convicted of "deceptive or fraudulent business practices," even though defendant was acquitted of that crime. On appeal, this Court vacated the restitution order because the amount of restitution was not a direct result of the defendant's criminal conduct nor was it supported by the record. *Id.*

In *Commonwealth v. Rotola*, 173 A.3d 831 (Pa. Super. 2017), the defendant and his brother agreed to sell jewelry that a friend obtained from the victim during a burglary. *Id.* at 833. The defendant drove his brother to a pawnshop to complete the sale. The next day, after discovering that his brother had mistakenly left some of the jewelry in his car, the defendant returned to the pawnshop and sold those items. Ultimately, the defendant

pled guilty to one count of theft of property lost, mislaid, or delivered by mistake. *Id.* At sentencing, the trial court ordered the defendant and his co-defendant to pay $25,000 restitution. *Id.*

On appeal, the defendant in **Rotola** argued that the amount was "not commensurate with his degree of criminality nor supported by the record," *id.* at 834, because he was only responsible for selling "a relatively small portion of the items stolen from the victim to a pawn shop." *Id.* at 835. He alleged that because he did not commit the initial burglary, he could not be liable for the full amount of restitution. *Id.* This Court rejected the defendant's argument. *Id.* We noted that "while [the defendant] may feel that he is less culpable for the loss caused to the victim because he did not actually break into the victim's home and steal her possessions [the defendant and his co-defendant] acted together criminally to cause a single harm to the victim . . . ." *Id.*

Here, Appellant and his co-defendant pled guilty, and in doing so, admitted to conduct consistent with those crimes. At the restitution hearing, the trial court concluded that the items missing from the victim's residence were a direct result of Appellant's and his co-defendant's criminal conduct. However, because neither Appellant nor his co-defendant were held criminally accountable for the **theft** of items from the victim's home, the trial court imposed an illegal sentence when it ordered restitution for those losses. *See Poplawski*, 158 A.3d at 675.

- 11 -

However, we discern no error in the trial court's imposition of restitution for the damaged items under Section 1106(a) because the property damage was a direct result of Appellant's criminal conduct. **See Rotola**, 173 A.3d at 835. At the plea hearing, Appellant agreed that he entered the property with his co-defendant and that property damage or theft occurred. **See** N.T. Plea Hr'g, 3/5/18, at 9. Further, Appellant's co-defendant pled guilty to criminal mischief, which includes property damage as an element of the offense. As in **Rotola**, Appellant and his co-defendant acted together criminally to cause a single harm to the victim. **See Rotola**, 173 A.3d at 835. Therefore, the trial court properly ordered that Appellant make restitution jointly and severally with his co-defendant. **See id.**

Appellant's remaining claims relate to the amount of restitution. Appellant first argues that "the restitution order awarded the victim more than the cash equivalent of the property lost due to the crime." Appellant's Brief at 19. Appellant also contends that the order was "speculative and unsupported by the record." **Id.** at 26. In support, Appellant asserts that the witness did not testify regarding the actual items that were lost or the value of those items. **Id.** at 27, 30.

These claims relate to the discretionary aspects of Appellant's sentence. **See Weir**, 201 A.3d at 174 (stating that where a defendant's claim "concerns the **amount** of restitution ordered, rather than the propriety of restitution, his claim implicates the discretionary aspects of his sentence" (emphasis in original)). Therefore, in light of our disposition, we decline to address

- 12 -

Appellant's claims challenging the discretionary aspects of his sentence.[9] *See*

*Commonwealth v. Barnes*, 167 A.3d 110, 122 n.9, 125 n.13 (Pa. Super.

2017) (*en banc*) (concluding that this Court "need not address" discretionary

sentencing claims when the matter is remanded for resentencing and stating

that on remand, "the sentencing judge should start afresh" (citation omitted)).

In sum, we conclude that the March 5, 2018 sentencing order was illegal

because the trial court had no authority to impose restitution while deferring

the amount and method of payment for decision at a later date. *See* 18

Pa.C.S. § 1106(c)(2); *Ramos*, 197 A.3d at 771. Further, the order imposing

restitution in the amount of $8,825.98 was also illegal, as there was no causal

connection between the restitution imposed for the victim's stolen property

and the crimes for which Appellant was held criminally responsible. *See*

*Rotola*, 173 A.3d at 831; *Poplawski*, 158 A.3d at 674-75.

On remand, the trial court shall conduct a new sentencing hearing. If

the trial court determines that restitution is appropriate, then it must make

an initial determination of that amount at the time of sentencing. After the

_____

[9] Additionally, we note that if Appellant seeks to raise these claims in an appeal following resentencing, he should properly preserve them before the trial court and in his appeal. *See Weir*, 201 A.3d at 174; *see also Corley*, 31 A.3d at 296. As indicated previously, the Pennsylvania Supreme Court recently granted a petition for allowance of appeal in *Weir* to decide whether a claim that the restitution amount is speculative and unsupported by the record can implicate the legality of a sentence. As of today, however, both the parties and this Court are bound by our decision in *Weir*. *See Commonwealth v. Reed*, 107 A.3d 137, 143 (Pa. Super. 2014) (stating that we are bound by existing precedent until such time it is overturned).

restitution hearing, the trial court may modify the amount to reflect those losses that directly resulted from Appellant's conduct.

Judgment of sentence vacated. Case remanded for a new sentencing hearing. Jurisdiction relinquished.

Judge Strassburger joins the opinion.

Judge Shogan files a concurring and dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/19