J-S07008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KAITLYN MICHELLE YOUMANS | : | |
| Appellant | : | No. 2748 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 23, 2022
In the Court of Common Pleas of Carbon County Criminal Division at
No(s):  CP-13-CR-0000946-2020

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 27, 2023**

Appellant, Kaitlyn Michelle Youmans, appeals from the May 23, 2022 Judgment of Sentence of 12 months of supervised probation and restitution entered in the Carbon County Court of Common Pleas following her guilty plea to Disorderly Conduct.[1]  Appellant's counsel, Eric T. Wiltrout, Esquire, has filed a Petition to Withdraw as Counsel and an **Anders**[2] Brief.  Upon review, we conclude that one of the four issues raised in the **Anders** Brief has arguable merit.  Thus, we deny counsel's Petition to Withdraw and direct counsel to file an advocate's brief limited to Appellant's sentence of restitution.

---

[1] 18 Pa.C.S. § 5503(a)(4).

[2] **Anders v. California**, 386 U.S. 738 (1967).

The relevant facts and procedural history are as follows. Appellant and Deric Tomasovich are the parents of one child.[3] Mr. Tomasovich has custody of the child. On August 11, 2020, Appellant contacted the Pennsylvania State Police in Lehighton, Carbon County, falsely asserting that she had a valid custody order for the child and requesting that the police remove the child from Mr. Tomasovich's residence. Appellant also attempted to involuntarily commit Mr. Tomasovich to a mental health facility in an effort to disrupt a custody proceeding scheduled for the next day in the Carbon County Court of Common Pleas. Following this incident, the Commonwealth charged Appellant with Obstructing Administration of Law or Other Government Function, Disorderly Conduct, and Harassment.

On May 23, 2022, Appellant appeared for a hearing to plead guilty to Disorderly Conduct. At the hearing, the trial court confirmed that Appellant had knowingly, intelligently, and voluntarily completed a guilty colloquy form. The court also conducted an oral guilty plea colloquy and, satisfied that Appellant was entering the plea knowingly, intelligently, and voluntarily, the court accepted her plea. The Commonwealth informed the court that Mr. Tomasovich sought $1,716 in restitution for lost wages. Appellant disputed Mr. Tomasovich's entitlement to restitution, stating as follows:

> [N]ot for nothing I was married to Mr. Tomasovich for four years. He didn't work in that entire almost four years we were married. He refused to pay child support when child was in my care because

---

[3] At the time of the incident giving rise to the instant charges, the child was 20 months old.

he claimed he was unemployed so now he is magically claiming he was fired from a job because of my actions. He didn't have a steady work history to begin with. I was the sole financial provider.

N.T. Guilty Plea Hr'g, 5/23/22, at 7-8.

Because Appellant did not agree to the Commonwealth's request for restitution,[4] the court informed Appellant that it could either schedule a restitution hearing for another day and defer imposing sentence until after the restitution hearing or impose her custodial and restitution sentences that day, and she could file a post-sentence motion challenging the award of restitution. Appellant consulted with her counsel, informed the court that she wished to be sentenced that day, and stated "[i]f you want to file a post-trial motion, Mr. Wiltrout, I'd appreciate that." *Id.* at 9.

The court then sentenced Appellant to serve 12 months of probation to run concurrently to a Schuylkill County sentence that she was already serving and to pay $1,716 in restitution to Mr. Tomasovich. Appellant did not file a post-sentence motion.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On January 4, 2023, Attorney Wiltrout filed an **Anders** Brief indicating Appellant wished to challenge the trial court's jurisdiction, the voluntariness

---

[4] The trial court later characterized Appellant's objection as a challenge to the amount of the restitution rather than to Mr. Tomasovich's entitlement to it. N.T. Guilty Plea Hr'g, 5/23/22, at 8. It is clear from our review of the notes of testimony that Appellant's initial objection was to the court's authority to impose restitution in light of Appellant's belief that Mr. Tomasovich was not entitled to it.

of her plea, and the award of restitution. Appellant also claims that she is immune from prosecution because she acted as Mr. Tomasovich's power of attorney and had the authority to commit Mr. Tomasovich to a mental health facility. Attorney Wiltrout also filed a Petition to Withdraw as Counsel.[5]

## A.

As a preliminary matter, we address appellate counsel's request to withdraw as counsel. "When presented with an *Anders* Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal pursuant to *Anders*, our Supreme Court has determined that counsel must meet the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that he sent Appellant a copy of the

---

[5] Appellant did not file a response to counsel's *Anders* Brief or petition to withdraw.

*Anders* Brief and petition to withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, and to raise any additional points. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will review the issues raised in the **Anders** Brief to determine if they have arguable merit. Subsequently, we must conduct "a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted). **See also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting **Anders** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

## B.

In her first issue, Appellant asserts that the trial court lacked jurisdiction to sentence her because she committed the crime in Schuylkill County. **Anders** Brief at 3. This issue is a challenge to venue, not jurisdiction. **See Commonwealth v. McPhail**, 692 A.2d 139, 144 (Pa. 2007) (plurality) ("[T]he place of trial, whether within or without the county where the alleged crime occurred, is a matter of venue, not jurisdiction[.]"), *superseded on other grounds by* 18 Pa.C.S. § 110(1)(ii).

Pennsylvania Rule of Criminal Procedure 130 sets forth the general rule that all criminal proceedings shall be brought in the "magisterial district in

which the offense is alleged to have occurred[.]" Pa.R.Crim.P. 130(A). A defendant must raise a challenge to venue in an omnibus pre-trial motion, or it is waived. *See* Pa.R.Crim.P. 578 (stating motion for change of venue should be raised in omnibus pretrial motion at "earliest feasible" time); *McPhail*, 692 A.2d at 144 n.3 (explaining that a challenge to venue is waived if not properly preserved). Because Appellant did not preserve this issue by raising it in an omnibus pretrial motion it is waived. Accordingly, we agree with counsel that it is frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) ("An issue that is waived is frivolous."); *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous.").

In her next issue, Appellant claims that she did not knowingly and voluntarily plead guilty. *Anders* Brief at 4. The record belies her claim.

As described above, Appellant testified at the guilty plea hearing that she reviewed her case with Attorney Wiltrout prior to the hearing, understood and completed the guilty plea colloquy form of her own free will, and had an opportunity to review the questions with Attorney Wiltrout. She also testified that no one offered her anything in exchange for her plea or forced her to enter into it. In addition, Appellant did not at any time file a motion to withdraw her plea. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file

a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.") (citations omitted)).

In light of the foregoing, we agree with counsel that Appellant's claim that she did not knowingly and voluntarily plead guilty is frivolous.

Appellant next asserts that she was immune from criminal prosecution because she acted as Mr. Tomasovich's power of attorney and, thus, had the authority to involuntarily commit him to a mental health facility. **Anders** Brief at 5. The record does not contain any evidence to support this claim. We, thus, agree with counsel that this issue is likewise frivolous.

In her final issue, Appellant asserts that she is "not responsible for the restitution granted to Deric Tomasovich." **Id.** at 5. In the **Anders** Brief, Attorney Wiltrout characterizes this issue as a challenge to the discretionary aspects of Appellant's sentence. He represents that he attempted to consult with Appellant via telephone at SCI-Muncy regarding filing a post-sentence motion to preserve this issue for appeal but that she refused to come to the phone to answer his call. Therefore, Attorney Wiltrout concludes that this issue is frivolous because Appellant did not preserve it for appeal. We disagree.

We have recognized that, "in the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence." **Commonwealth v. Holmes**, 155 A.3d 69, 78 (Pa. Super. 2017) (citation omitted).

"An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects of sentence; as such it is a non-waivable matter." *Commonwealth v. Rotola*, 173 A.3d 831, 834 (Pa. Super. 2017). *See also In re M.W.*, 725 A.2d 729, 731 (Pa. 1999) (holding that when a court's authority to impose restitution is challenged, it pertains to the legality of a sentence and as such cannot be waived).

As explained above, at the guilty plea hearing Appellant disputed the appropriateness of an award of restitution in light of Mr. Tomasovich's alleged inconsistent work history and the speciousness of his lost wages claim. Based on the above case law, Appellant challenges the legality of her sentence. Because an appellant cannot waive a timely-filed legality of sentence claim, we disagree with counsel that Appellant has waived this issue. Moreover, we conclude that her challenge has arguable merit, warranting counsel's advocacy.

Therefore, we direct counsel to conduct an appropriate review of the record and file in this Court an advocate's brief limited to this issue on Appellant's behalf within sixty days. The Commonwealth may respond within thirty days of counsel's brief.

### C.

Petition to Withdraw denied. *Anders* Brief stricken. Panel jurisdiction retained.